HAYDEN, Defendant in Error, v. STEWART *et al.*, Plaintiffs in Error.

1. Where, in an action of ejectment, the person from or through whom the defendant claims title to the premises has, on motion of the defendant, been made a co-defendant, the plaintiff is not entitled to dismiss the suit as to such co-defendant.
2. Under the practice act of 1849 an equitable defence might be made to an action of ejectment.

### Error to Dade Circuit Court.

This was an action in the nature of an action of ejectment to recover possession of certain premises in the county of Polk. The action was commenced in the year 1852, in the Polk circuit court. On motion of Stewart, the original defendant, one Toler, through whom he claimed title, was made a co-defendant. Toler and Stewart filed a joint answer (which was verified by the affidavit of Toler alone,) putting in issue the allegations of the petition, and setting up that a certain mortgage and lease executed by Toler, through which plaintiff claimed a right to the possession of the premises in controversy, was obtained from said Toler by fraud on the part of plaintiff. The court, on motion, struck out this equitable defence. The cause was then taken by change of venue to the Dade circuit court, which reinstated that portion of the answer stricken out. On motion of the plaintaiff, the court vacated the order of the Polk circuit court substituting Toler as co-defendant, and permitted plaintiff to

dismiss the case as to Toler. The court refused to permit Stewart to file a separate answer, and gave judgment against him, disregarding the joint answer that had been put in by Toler and Stewart.

*F. P. Wright*, for plaintiffs in error.

I. The circuit court of Polk erred in striking out that part of the answer which set up fraud and which constituted an equitable defence. (See Tibeau v. Tibeau, 19 Mo. 98.) The circuit court of Dade county erred in setting aside the order of the Polk circuit court making Toler a co-defendant; also in striking out the answer of Stewart, and also in rendering judgment for the want of an answer after the same was stricken out. The affidavit of his co-defendant was sufficient. (Huntington v. House, 22 Mo. 365.) By leave of a previous court the answer had been further verified by Stewart's attorney. Stewart should have been permitted to file a new answer instanter, as he requested.

*Gardenhire*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

No opinion of the merits of this case can be drawn from the record, as it appears to have been determined upon points entirely technical. After Toler was admitted as a co-defendant and the joint answer of the two defendants was filed, all the subsequent proceedings consisted of motions to strike out or to reinstate the answer, or to file a new one. The result was, after a varied course on these motions arising from a difference of opinion in several judges before whom the case accidentally came for trial, that the plaintiff dismissed as to Toler, took a judgment by default against Stewart, his answer having been stricken out or not being regarded as his answer because not sworn to by him, and a general judgment finally given for the plaintiff.

The plaintiff had no right to dismiss as to Toler after Toler had been admitted as a co-defendant by the court.

Such a practice would enable a tenant to let his landlord's possession pass over to a stranger, when the landlord, if permitted to be heard, could make a full defence.

It is not to be inferred from the record that it was the intention of the court to pass upon the sufficiency of the answer, since the plaintiff got rid of the answer, so far as Toler was concerned, by dismissing. It may be well enough, however, to state our opinion that the answer was a legitimate one. The plaintiff's title was derived solely from a mortgage executed by Toler, and the answer substantially averred that this mortgage was obtained by false and fraudulent pretences, and was therefore void; or, if it was honestly procured at the time, it had at all events been paid off. In either event, it is clear that the plaintiff had no title, and it can not be doubted that, since the practice act of 1849, an equitable defence may be made to an action which before that statute would have been called an action of ejectment.

The fact that Toler had sold his interest to Stewart did not affect the question to be tried. The plaintiff in ejectment can only recover upon the strength of his own title, and if the mortgage had been extinguished, as asserted in the answer, or was fraudulently obtained and therefore void, it was not material how matters stood between Toler and Stewart. The fifth section of an act concerning ejectment authorizes the court to allow the person through whom the defendant claims title to be made a co-defendant.

The judgment will be reversed and the cause remanded.