### RHODES v. SEXTON & SON.

### PETTIT v. SAME.

1. Tax sale: ILLEGAL TAX. The fact that the taxes for one of the years for which land was sold were illegal will not render the sale invalid if the taxes for the other years were legal.

2. —— WARRANT. A warrant of sale to the treasurer is not essential to the validity of a tax sale.

*Appeal from Wapello District Court.*

SATURDAY, FEBRUARY 24.

THESE causes present the same questions. They are both actions to set aside tax deeds held by defendants. They are both equity causes triable by the first method, and were so tried in the district court, and judgment rendered in each case for plaintiff. Defendants appeal.

*J. R. Reed* and *I. N. Mast* for the appellants.

*Hendershott & Burton* for the appellees.

MILLER, J. — The tax sales occurred on the 19th day of November, 1863, and it is agreed by the parties that the lands were sold in forty-acre tracts, severally, by one offer and one bid for the entire taxes due on each forty, severally, for the years 1860, 1861 and 1862; that on the 23d day of April, 1867, defendants obtained their deeds from the treasurer of the county. No objections are made to the form or regularity of the deeds themselves; but it is alleged in the petitions respectively that the deeds are void on several grounds stated. The first urged in argument is that for one of the years for which the lands were sold no taxes were levied thereon.

It is insisted by appellee that inasmuch as the lands

were sold upon one offer, and one bid upon each tract, for one integral sum, the deeds are void, although for some of the years some part of the taxes were legal; and they cite a number of cases to sustain this position.  However sound this view might be on general principles, our statute expressly provides, that where "a part of the tax for which the land is sold is illegal it shall not affect the validity of the sale or right and title conveyed by the treasurer's deed, *provided* the property was subject to taxation for any of the purposes for which any portion of the taxes for which the land was sold was levied; that the taxes were not paid before sale, and that the property has not been redeemed from sale."  And it has been accordingly held by this court that where a tax sale is made for an aggregate tax, a part of which only is illegal, such illegal tax will not affect the validity of the sale or title conveyed by the treasurer's deed. *Eldridge* v. *Kuehl*, 27 Iowa, 160; *Parker* v. *Sexton & Son*, 29 id. 421.  See Revision of 1860, §§ 753, 762.

The rule insisted upon by appellees' counsel, viz.: that if the sale is illegal as to any portion of the tax, it is illegal as to the whole, and the deed therefore void, is reversed by express statutory provisions, establishing it as a rule that if the sale is legal as *to any part of the tax*, the sale is valid.  It is our duty to follow the statute, unless it be found to conflict with some provision of the constitution, and that it does not was held in *Parker* v. *Sexton & Son*, *supra*.

II. It is next urged that the deeds are void, for the reasons that the tax warrant to the treasurer for the year 1860 had no seal attached; that those for the years 1861 and 1862 had the seal of the district court attached, and were issued by the clerk of the board of supervisors without any special direction of the board.  These facts are admitted by appellants' counsel.

2. —— warrant.

In *Parker* v. *Sexton & Son*, we held that the tax war-

rant is not an essential step or fact in a tax sale ; that the power of the treasurer to sell is derived from the statute directly, and it is immaterial whether the tax warrant has a seal, or was issued by order of the board of supervisors, or even whether there was any tax warrant at all, and this holding was adhered to in the same case on petition for rehearing, where the question was ably argued and fully considered.

Thus all the questions presented have been adjudicated and settled, in the cases referred to, adversely to the plaintiffs. The judgments in these cases will be reversed and the causes remanded, with directions to the district court to enter decrees dismissing plaintiff's petition in each case ; or if the appellants so elect such decrees will be rendered in this court.

Reversed.