## HILL et al., *Appellants*, v. ATTERBURY.

1. **Ejectment: PARTIES.** In ejectment, a landlord has a right on his motion to be made a co-defendant with his tenant.

2. **Practice.** The fact that the trial court overruled plaintiff's motion to strike out matters of defence properly provable under the general issue, affords no ground for reversing the judgment.

3. **Tax Deed: RECITALS: STATUTE.** A tax deed held not void on its face, because it recited that the sale was made on the eighth day of October, 1873, which could not have been the first Monday of that month, the time for which the sale was required by statute to be advertised. 2 W. S., p. 1196, sec. 183.

4. ———: ———: ———. While the statute requires the sales to be

advertised for the first Monday in October it provides for adjourned sales and the statutory form prescribed for tax deeds does not require therein a recital of the adjournment of the sales from day to day. It only requires that the day on which the land conveyed is offered for sale shall be recited in the deed.

5. **Tax Deed Valid on Its Face**: SPECIAL STATUTE OF LIMITATIONS: EVIDENCE. The tax deed being valid on its face and having been recorded for more than three years before the bringing of the suit, the special statute of limitations was a complete defence for defendant and evidence was inadmissible to show that there was no assessment or levy of taxes on the land or any judgment therefor for the year for which the land was so sold for taxes.

6. **Constitution.** The three years special statute of limitations in reference to tax deeds is constitutional.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*Strong & Mosman* for appellants.

(1) The motion to make Brown party defendant specified no reasons and should have been denied. R. S., sec. 3557. Revised Statutes, section 2244, is permissive only, not mandatory. (2) The court erred in overruling plaintiffs' motions to strike out parts of amended answer of Atterbury and the entire answer of Brown. (3) The court erred in admitting the quit-claim deed from Brown to Atterbury in evidence. The latter claimed title in fee-simple. A quit-claim deed does not convey land at all, only purports to release some interest therein. *Bogy v. Shoab*, 13 Mo. 380 ; *Jecko v. Taussig*, 45 Mo. 169. (4) The court erred in admitting in evidence the tax deed to Brown. It showed on its face a non-compliance with Wagner's Statutes, volume 2, section 183, page 1196, and contravened the provisions of Wagner's Statutes, volume 2, section 223, page 1208. (5) The court erred in rejecting plaintiffs' offer to prove that no taxes were assessed against the land for 1872.

*Abbott v. Lindenbower*, 42 Mo. 62; *Ewart v. Davis*, 76 Mo. 129. (6) A tax deed void on its face cannot set the special statute of limitations in motion whether the grantee in the tax deed entered upon and held possession of the property or not. *Skinner v. Williams*, 85 Mo. 489; *Mason v. Crowder*, 85 Mo. 526.

*Smith & Krauthoff* also for appellants.

(1) A tax deed, which shows by its recitals that the land was offered for sale on a day other than that fixed by statute, is void upon its face. 2 W. S., p. 1196, sec. 183; *Mason v. Crowder*, 85 Mo. 526; *Hopkins v. Scott*, 86 Mo. 140; *Eutrekin v. Chambers*, 11 Kan. 368. The sale cannot be upheld as one continued from a previous day unless it further appears that the same was actually begun on the day fixed by law. *Prindle v. Campbell*, 11 Minn. 212; *Sheeby v. Hinds*, 27 Minn. 259. (2) The deed does not recite an offer to sell on the day fixed by law, nor any adjournment from day to day until the time named. Both these facts must appear from the face of the deed; they cannot be presumed. *Hopkins v. Scott*, 86 Mo. 140; *Abbott v. Doling*, 49 Mo. 302, 304; *Yankee v. Thompson*, 51 Mo. 234, 237, *et seq.; McDermott v. Scully*, 27 Ark. 226, 228; *Wilkins v. Huse*, 10 Ohio, 139, 141, 142; *Williams v. Kirtland*, 13 Wall. 306, 309; *French v. Edwards*, 13 Wall. 506, 513; *Wambole v. Foote*, 2 Dakota, 227; *White v. Flynn*, 23 Ind. 46. (3) Where a tax deed is void on its face, or is void because of something *de hors* the record showing a want of jurisdiction to make the sale or deed in question, it is not within the provisions of Wagner's Statutes, volume 2, section 221, page 1207. Black on Tax Tit. (4 Ed.) 401, 402; *Breisch v. Coxe*, 81 Pa. St. 336, 348; *Laird v. Heister*, 24 Pa. St. 452, 463; *Taylor v. Miles*, 5 Kas. 498, 596, 507, *et seq.; Carithers v. Weaver*, 7 Kas. 110, 122, 123; *Prindle, v. Campbell*, 9 Minn. 213, 219, 220. (4) The matters as to the non-

assessment of the land, etc., offered to be proved were all jurisdictional and essential pre-requisites to the exercise of the power to sell for taxes. They were necessary to set the statute in motion. Without them, the provisions of the statute never attached to the transaction. Blackw. Tax Tit. (4 Ed.) 114, 116, 174, 276; Cooley on Tax. 259, 292, 324; *Ewart v. Davis*, 76 Mo. 129; 133, 134; 1 Desty on Tax. 449, 450; *McReynolds v. Longenberger*, 57 Pa. St. 13, 27; *Hoffman v. Bell*, 61 Pa. St. 444, 450, *et seq.*

*Ramey & Brown* for respondent.

(1) Brown was properly made a party. R. S., 1879, sec. 2244; *Hayden v. Stewart*, 27 Mo. 286; *Sutton v. Casseleggi*, 77 Mo. 397. (2) The court properly overruled motions to strike out parts of defendants' answers. (3) The tax deed strictly complies with the statutory requirements as to its form and recitals. (4) The defendants are protected by the bar of the special statute of limitations. 2 W. S., p. 1207, sec. 221. The said statute is constitutional. *Oconto Company v. Gerard*, 46 Wis. 317; *McMillen v. Wehle*, 13 N. W. Rep. 694; *Edgerton v. Byrd*, 6 Wis. 527; *Lawrence v. Kennedy*, 32 Wis. 281; *Wood v. Meyer*, 36 Wis. 308; *Hill v. Kirk*, 66 Wis. 447; *Lindsay v. Fay*, 25 Wis. 460; *Allen v. Armstrong*, 16 Iowa, 508; *Thomas v. Stickle*, 32 Iowa, 71; *Pillow v. Roberts*, 13 How. 472; *Monigona & Co. v. Blair*, 51 Iowa, 447.

NORTON, J.—This is a suit in ejectment to recover certain lands in DeKalb county described in the petition. The cause was taken by change of venue to Buchanan county, where on a trial judgment was rendered for the defendants, from which the plaintiffs have appealed. The suit was brought against defendant Atterbury, and on motion of one Ira Brown, he was made defendant over plaintiffs' objection and this action

of the court is the first ground of error assigned. In ejectment suits, it is provided by section 2245, Revised Statutes, that "the person through whom defendant claims title to the premises may, on motion, be made a co-defendant." Defendant Atterbury claimed through Brown, and by the very terms of the statute the court was authorized to allow him to come in and defend. *Hayden v. Stewart*, 27 Mo. 286. If Atterbury held the possession of the land under Brown, then Brown had a right as landlord to defend the suit. *Sutton v. Cassellegi*, 77 Mo. 397.

The defence set up in the answer was a tax deed conveying the land in controversy to Brown, and the special statute of limitations of three years under section 221, Wagner Statutes, in force at the time the sale was made. Both answers set up with great particularity all the facts stated in the tax deed, and plaintiffs moved to strike out such portions of the answers on the ground that the matters stated were provable on the trial under the general issue, and should not, therefore, have been pleaded. The statute of limitations relied upon, only applied to cases where a claim of title was set up under a tax deed, and no valid objection can be made to an answer which sets up with particularity the facts which bring the defendant's case within the operation of the statute. If not necessary to plead it with such particularity, and the facts stated could be proved without their being stated under the general issue, the refusal of the court to strike it out was not such an error as to justify a reversal, inasmuch as by such statement the plaintiffs were informed of the specific grounds on which the defence relied, of which they might otherwise have been ignorant until proved on the trial.

At the trial plaintiffs put in evidence various deeds which showed title in them to five-sixths of the land in controversy. To overcome this title, defendants put in evidence a quit-claim deed from Brown to Atterbury,

dated in July, 1876. They also put in evidence a collector's deed which recites in statutory form, among other things, that the lands in controversy were exposed to sale by the collector on the eighth day of October, 1873, for the taxes of 1872, that they were not sold for want of bidders and were forfeited to the state, and that afterwards on the thirty-first of October, 1873, they were purchased by Ira Brown. This deed was objected to on the ground that it was void on its face, in that it recites that the land was offered .for sale on the eighth day of October, 1873, which could not have been the first Monday in October, the time at which the sale was required to be advertised. While the statute provides that such sales shall be advertised for the first Monday in October, it also provides that "the collector shall continue such sales from day to day until all the tracts of land, or town or city lots, contained in the delinquent list on which taxes and costs remain unpaid, shall be sold or offered for sale." 2 W. S., p. 1201, sec. 198. The form prescribed in the statute does not provide for nor require the collector to state in his deed the adjournment of sales from day to day; it only provides that the day on which the particular tract or tracts of land conveyed is offered for sale is the day which is to be recited in the deed. The objection to the introduction of the deed was properly overruled. Declining to insert in this opinion a copy of the deed because of its length we are justified in saying after a careful comparison of it with the statute that it follows strictly and literally the form prescribed in the statute for tax deeds and is upon its face valid and effectual.

It was shown by defendants that all the records and papers of the county court and collector of revenue for DeKalb county relating to the taxes of 1872, were destroyed by fire in 1878 and here defendants rested their case, and plaintiffs offered to prove by competent evidence that the lands in controversy had not been assessed

for taxes for the year 1872, that no tax book was issued from the office of the clerk of the county court showing a tax levied on said land for 1872, that there was neither petition for judgment, nor judgment, nor execution, nor other process issued directing the collector to sell said land for the taxes of 1872. This evidence was objected to and the objection sustained, and, we think, properly, on the ground that the tax deed being valid on its face and having been recorded for more than three years before this suit was instituted, the bar of the special stat-ute of limitations of three years attached and necessarily by force of the statute shut out such evidence as was offered. *Mason v. Crowder*, 85 Mo. 526; and *Hopkins v. Scott*, 86 Mo. 140, where it is held that recording a tax deed which is valid on its face, puts the three years statute of limitations in motion from the time it is re-corded. While counsel make the point that section 221, Wagner's Statutes, page 1207, which declares that "any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to de-feat or avoid a sale or conveyance of land for taxes (ex-cept in cases where the taxes have been paid, or the land was not subject to taxation, or has been redeemed as provided by law), shall be commenced within three years from the time of recording the tax deed, and not thereafter * * *" is unconstitutional and void, we have not been cited to any authority which sustains it, but on the contrary the authorities cited in the brief of respondent's counsel from all the states, having similar statutes, sustain the validity of such enactments. Judgment affirmed. All concur.