ALLEN, *Appellant*, v. WHITE.

1. **Tax Deed, Form of**: EVIDENCE. *It is no objection to the admission of a tax deed in evidence that it contains ten different tracts of land in ten different sections, all set out in tabulated and abbreviated form, the tracts all having been bought at the same sale, for the same year's taxes, and the deed containing all recitals and statements required by law, and no abbreviations not expressly authorized by the statute.* ( 2 W. S. secs. 216, 217, p. 1205.)

2. ———: POSSESSION : EJECTMENT. A grantee in a tax deed conveying unoccupied and unimproved land who puts his deed to record, or any person holding under him, may be sued in ejectment by one claiming to own the same land, although such grantee or person be not in actual possession of the land. (2 W. S. sec. 222, p. 1207.)

3. ——— : ——— : ———. Where such action is not brought within three years from the date of the filing of the deed, it is barred by the three years statute of limitations ( 2 W. S. sec. 221, p. 1207) unless the plaintiff brings himself within one of the exceptions of the statute, which are cases "where the taxes have been paid, or where the land was not subject to taxation, or has been redeemed as provided by law ;" and the fact that the purchaser bought the land in 1875 for the taxes of 1874, and then allowed it to become delinquent for 1875 and repurchased it in 1876, does not bring the plaintiff within any of the exceptions, the suit not having been brought for more than three years after the purchaser was entitled to his deed under his last purchase.

4. **Tax Law:** STATUTE: 2 W. S. SEC. 221, P. 1207. Section 221, 2 Wagner's Statutes, p. 1207, was neither amended nor repealed by the revenue act of 1877. (Laws 1877.)

*Appeal from Harrison Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*D. J. Heaston* for appellant.

(1) The court erred in admitting the tax deed to Bryant in evidence, for the reason that it is not in the form prescribed by law. The form of deed prescribed by statute contemplates but one tract of land in each deed, and the numbers to be written out in full. The deed here admitted contained ten tracts of land in ten different sections, and all set out in tabulated and abbreviated form. 2 W. S. 1872, p. 1205, sec. 217; *Williams v. McLanahan,* 67 Mo. 499; *Hopkins v. Scott,* 86 Mo. 140; *Pearce v. Tittsworth,* 87 Mo. 635; *Guffey v. O'Reilly,* 88 Mo. 418; *Smith v. Funk,* 57 Mo. 239; *Lowe v. Ekey,* 82 Mo. 286; *Duff v. Neilson,* 90 Mo. 93; *Howard v. Heck,* 88 Mo. 456. (2) The court erred in refusing plaintiff's first instruction. The law explicitly states that if the purchaser at tax sale shall permit the land to be again sold for taxes, before the expiration of two years from the date of his purchase, he shall not be entitled to deed for two years after second sale. In this case the plaintiff showed that Bryant suffered this land to be sold the next year after his purchase, and bought it in again himself. So he knew of the second sale, and knew he was not entitled to the deed admitted in evidence. 2 W. S. p. 1203, sec. 210; *Ewart v. Davis,* 76 Mo. 129. (3) The court erred in refusing the second instruction asked by plaintiff. The back-tax law under which defendant bought the land having been repealed by act of April, 1877, before Bryant

received his tax deed, the three years limitation could not apply. Acts, 1877, pp. 384, 376; R. S. 1879, secs. 6837–38, etc. (4) The court erred in refusing plaintiff's third instruction. Even if the three years statute of limitations was in effect, under Bryant's said tax deed it would only run from the time defendant took actual possession of said land. *Spurlock v. Dougherty*, 81 Mo. 172; *Spurlock v. Allen*, 49 Mo. 178; *Large v. Fisher*, 49 Mo. 807; *Callahan v. Davis*, 90 Mo. 78.

*Alvord & Woodruff* for respondent.

(1) The tax deed in evidence is literally in the statutory form, and being so is sufficient. 2 W. S. 1872, p. 1205, sec. 217; *Spurlock v. Dougherty*, 81 Mo. 171; *Francis v. Grote*, 14 Mo. App. 324; *Marshall v. Benson*, 4 N. W. Rep. 386; Blackwell on Tax Title (4 Ed.) top page 406, sec. 5, note *b*. It is not necessary that it should comply literally with the statutory form. A substantial compliance is sufficient. Blackwell on Tax Title (4 Ed.) top page 406, note *b*; *Skinner v. Williams*, 85 Mo. 439; *Spurlock v. Dougherty*, 81 Mo. 171; *Haynes v. Heller*, 12 Kan. 381; *Callanan v. Hurley*, 93 U. S. 387; *Raley v. Guinn*, 76 Mo. 635; *Marshall v. Benson*, 48 Wis. 558. In the cases cited by appellant, the deeds were held insufficient, for the reason that there was a failure to comply with the statutory form as to essential recitals. (2) The statute of limitations begins to run from the filing of the tax deed. The land in this case was in the actual possession of respondent, and had never been in possession of appellant or his grantors. 2 W. S. 1872, p. 1207, sec. 222; *Pierce v. Tittsworth*, 87 Mo. 635; Cooley on Taxation (1 Ed.) 377–378, and notes. (3) The tax deed relied on in this case being valid on its face, and having been recorded more than three years before the bringing of this action, and more than three years before appellant or his grantors took possession of the land described therein, the

three years statute of limitations attaches and shuts out
all evidence of irregularities, errors or defects of what-
ever character in the record upon which· said deed is
based. *Hill v. Atterberry*, 88 Mo. 114; *Francis v.
Grote*, 14 Mo. App. 324; Cooley on Tax. ( 1 Ed.) 383,
note 3 ; *Rodgers v. Johnson*, 67 Pa. St. 43 ; *Pillow v.
Roberts*, 13 How. ( U. S.) 477 ; *Thomas v. Stickle*, 32
Iowa, 71 ; *Moingona Coal Co. v. Blair*, 51 Iowa, 447;
*The Oconto Co. v. Gerrard*, 46 Wis. 317; *Manseau v.
Edwards*, 53 Wis. 457 ; *Milledge v. Coleman*, 47 Wis.
184; *Ward v. Walters*, 63 W is. 39.

BRACE, J.—This is an action in ejectment to recover
possession of the no rtheast quarter of the northeast
quarter of section 18, township 66, range 29, in
Harrison county. The defendant obtained judgment
and the plaintiff appeals.

I.   The petition was in the usual form. The answer
was a general denial, with a special plea of the three-
year statute of limitations under section 221, 2 Wag.
Stat. 1872, p. 1207. It is conceded that the title is in
the plaintiff, unless it has been divested by a tax deed
to Joseph F. Bryant put in evidence by the defendant,
and under which he claims. To the introduction of this
deed in evidence, the plaintiff objected, and its admis-
sion by the court he assigns as error, for the reason that
it is not in the form prescribed by law, in that it con-
tains ten different tracts of land in ten different sections,
and all set out in tabulated and abbreviated form. The
form prescribed for tax deeds at the time this one was
made is contained in section 217, 2 Wag. Stat. 1872, p.
1205. The deed is too long to be inserted in this opinion,
but upon a careful comparison of it with that form, not
a single recital or statement is found to have been
omitted, consequently the authorities cited by plaintiff's
counsel in support of this objection are not in point, for
this deed is not defective in any of the particulars to

which the deeds in the cases cited were subject, nor is it obnoxious to objection for any similar defect. The form as it appears in the statute is prepared for a single tract, but it does not follow that more than one tract cannot be included in the same deed. On the contrary, the preceding section (216) of the same act expressly authorizes the collector to "include as many tracts or lots" in one deed of conveyance as may have been purchased by one person, at the same sale, for the same year's tax, as was the case here, and every abbreviation used in the deed is expressly authorized by statute (sec. 240, *supra*, p. 1212), while the tabulated form used in the deed simply adds to its clearness and conciseness. When a form is prescribed by statute it must be substantially followed. It cannot and need not always be literally followed, as the circumstances of the cases to which it is applicable are sometimes necessarily somewhat variant, and no form can be prescribed which in every case can be perfected by simply filling the blanks. The deed being substantially in the form prescribed by the statute, and complying with all its essential requirements, was "*prima facie* evidence that each and every act and thing required to be done by the provisions of the act had been complied with" (sec. 219, p. 1206, *supra*), and the court committed no error in admitting it in evidence.

II. The deed was dated and acknowledged on the fifth and filed for record and recorded on the seventh of December, 1877. The land was sold by the collector on the fourth of October, 1875, under a judgment of the county court rendered at the July term, 1875, for the taxes of 1874. In August, 1881, the defendant purchased and received a deed for the land from Bryant, which was recorded on the twenty-seventh of August, 1881, and in April, 1882, he went into actual possession of the premises. Prior to the last date the land was wild prairie land, unoccupied and unimproved. This suit

was instituted on the twenty-fifth of August, 1884. The plaintiff, nor any other person except the defendant, having ever been in the actual possession of the premises since the tax deed was put to record on the seventh of December, 1877, the defendant and his grantor have been in the constructive possession of the premises since that date and continuously ever since subject to plaintiff's action of ejectment. Sec. 222, p. 1297, *supra; Callahan v. Davis*, 90 Mo. 78. The present action not having been commenced for more than seven years after the deed was put to record, is barred by the terms of the statute, unless plaintiff brings himself within the exceptions therein contained. Sec. 221, *supra; Hill v. Atterberry*, 88 Mo. 114. That section excepts from the limitations of three years cases " where the taxes have been paid or the land was not subject to taxation or has been redeemed as provided by law," and reserves to the person claiming to own the land, if he be an infant or of unsound mind, the right to bring suit at any time within two years after the removal of such disability. The plaintiff in rebuttal did not offer any evidence tending to bring himself within any of these exceptions or impeaching in any way the validity of the proceedings for the taxes of 1874, but offered in evidence the judgment book of the county court and the special execution record and report of tax sales, showing that the land was again sold on the second of October, 1876, for the taxes of 1875, and was again purchased by Bryant and a certificate of purchase therefor of that date granted him. To the introduction of this evidence the defendant objected, but his objection was overruled and the evidence admitted. The case was tried before the court without a jury, and the plaintiff on this evidence asked the court to declare the law as follows :—

" 1. If the court, sitting as a jury, believe from the evidence that one Joseph F. Bryant bought the lands in controversy at tax sale in October, 1875, for

the taxes of 1874, and again permitted the lands to be returned delinquent for the taxes of 1875, and sold for such taxes at the tax sale in October, 1876, then said Bryant was not entitled to a deed for said tax sale made in 1875, in 1877, and he could not claim or hold said lands under said tax deed for taxes of 1874, as said tax deed was improperly given to said Bryant."

The court refused to so instruct, the plaintiff excepted, and the court found for the defendant. So its action was equivalent to a rejection of the testimony in the first place, and the error assigned stands as if the court had excluded the testimony when offered, and the plaintiff had saved his exception to such ruling.

We do not think, however, that the court committed error in excluding this testimony ; it tended in no way to bring plaintiff within any of the exceptions provided for in the statute, or to impair the validity of the deed to Bryant, under which the defendant claimed, and conceding that section 210, page 1203, *supra*, is applicable to a case of this kind, the only right that plaintiff acquired by Bryant's action in suffering the land to be again sold for taxes before the expiration of two years from the date of his first purchase, was to extend plaintiff's right to redeem at any time within two years from the date of that purchase to the right to redeem at any time within two years from the date of Bryant's last purchase, by paying the amount he paid on his first purchase with ten per cent. interest, and double the amount paid by him on his last purchase. The two years from the date of the second purchase expired on the second of October, 1878, and the plaintiff never redeemed, or offered to redeem. Even if Bryant's deed was prematurely delivered to him, he was entitled to it on that day. All taxes having been paid, and all the time allowed to the plaintiff to redeem having expired, without even an offer to redeem, and being of record, the statute would then begin to run in favor of the

deed even if it did not before, and it continued to run in favor of the defendant and his grantor for more than six years before this suit was brought. We find no error in the ruling of the court on this evidence.

III. The law under which the tax proceedings were had in this case, approved March 30, 1872, was amended and some of its sections repealed by the revenue acts of April, 1877, but section 221, page 1207, *supra*, was neither amended nor repealed by those acts, but was in force when these proceedings were had, consequently the court committed no error in refusing plaintiff's second instruction. The ruling of the court in refusing the third is sustained by what has already been said.

We find no reversible error in the record, and the judgment is affirmed. All concur.