BIRD, *Appellant,* v. SELLERS.

Division Two, January 31, 1893.

1. **Ejectment:** GENERAL DENIAL: STATUTE OF LIMITATIONS. The defense of the general statute of limitations may be shown under a general denial in ejectment.

2. ——: ——: ——. So the special three years statute of limitations contained in the revenue law of 1872 (2 Wag. Stat., 1872, p. 1207) may also be so shown under a general denial.

3. **Tax Deed:** The fact that a tax deed may not have been valid as to the taxes of the year 1871 does not render it void as a conveyance for the taxes of 1873.

4. ————: SPECIAL STATUTE OF LIMITATIONS. A tax deed valid on its face put the special three years statute of limitations of the revenue law of 1872 in operation from the time of its being recorded.

5. ————: ————. Unless such special statute of limitations was in force for three successive years next after the tax deed was recorded, the latter, being without possession only color of title, would not ripen into title in favor of the purchaser at the tax sale.

6. ————: ————: STATUTE. Revised Statutes, 1879, sec. 3150, which provided that the repeal of any statutory provision should not affect any act done or right accrued or established in any proceedings, suit or prosecution had in any civil case previous to the time when such appeal took effect, did not afford such purchaser at the tax sale any protection from effect of the repeal of said special statute of limitations.

*Appeal from Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge,

REVERSED AND REMANDED.

*Patton & Shoemaker* and *J. P. Lewis* for appellant.

(1) The court erred in admitting in evidence the tax deed to Holden, for the reason that it was void on its face, and could not set in motion the statute of limitations. *First.* If void there was nothing upon which the statute (Revenue Laws of 1872, section 221) could operate. *Mason v. Crowder,* 85 Mo. 527; *Hopkins v. Scott,* 86 Mo. 140; *Kinney v. Forsyth,* 96 Mo. 414; *Pearce v. Tittsworth,* 87 Mo. 635. *Second.* The taxes for 1871 and 1873 being governed by different laws and rules could not be united in the same proceedings; one should have been proceeded with under the back-tax law, sections 227 to 230, and the other under the law for future levies, sections 182 to 222. *Third.* The tax deed not only combines in one sale, taxes of 1871 and 1873, governed by different laws, but the taxes upon eight separate tracts are levied, and the lands condemned by one judgment and one sale. There is

nothing to show that they were severally condemned' for each year separately as required by section 182, nor were the tracts offered for sale "publicly, severally and in consecutive order" as required by section 198. Each tract should have been sold separately for its own tax. *Allen v. Buckley*, 94 Mo. 158. The court will not, infer that the law has been complied with. *Yankee v. Thompson*, 51 Mo. 234; *Hopkins v. Scott*, 86 Mo. 144; *Kinney v. Forsyth*, 66 Mo. 414. It must appear affirmatively upon the face of the deed that the law has been complied with. *Large v. Fisher*, 49 Mo. 307; *Spurlock v. Dougherty*, 31 Mo. 176; *Moore v. Hams*, 91 Mo. 616. (2) The court erred in not permitting plaintiff to show that no assessment, levy, judgment, precept or sale was in fact ever had or made. *Abbott v. Lindenbower*, 42 Mo. 162; *Ewart v. Davis*, 96 Mo. 129; *Howard v. Heck*, 88 Mo. 456. A sale where there was neither levy, assessment nor judgment, would be∙without due process of law and unconstitutional and void, and a statute making such a sale valid without requiring possession thereunder is, it seems to us, of questionable validity. (3) The court erred in considering the statute of limitations as a defense for the reason that it was not plead. *Harper v. Eubanks*, 32 Mo. App. 262; *Hunter v. Hunter*, 50 Mo. 445. (4) The court erred in considering the statute of limitations as a defense and in admitting the tax deed in evidence, and excluding evidence offered by plaintiff for the reason that this three year limitation law, section 221, Act March 30, 1872, was repealed by the Revised Statutes of 1879, before the three years had expired. Revised Statutes, 1879, sec. 3160; *Blodgett v. Shafer*, 94 Mo. 652. The limitation law having been repealed leaves the law as though it had never existed, and all inchoate rights fail. *Butler v. Palmer*, 1 Hill N. Y. 15; *Green v. Collins*, 3. Clifford 494; 8 Meyers Fed. Dec., page 70. The

statute of limitations does not create a right until the full time has expired.  *State to use v. Heeman*, 70 Mo. 441.   The statute in force at the time of trial prevails. *Callaway v. Nolly*, 31 Mo. 393;  *Carson v. Hunter*, 46 Mo. 467;  *Billion v. Walsh*, 46 Mo. 492;  *Gilker v. Bram*, 47 Mo. 105.   The statute of limitation, where it does not vest the title may be removed by legislative enactment after the full time has expired.   *Campbell v. Holt*, 115 U. S. 620.

*McCullough, Peery & Witten* for respondent.

(1) The special statute of limitations was a public act.   It is only necessary for the party seeking to avail himself of it to state facts which bring his case within the provisions of the statute.   This was done fully, and it was unnecessary to mention the statute. *Kennayde v. Railroad*, 45 Mo. 255;  *Reynolds v. Railroad*, 85 Mo. 94.   Besides all these facts could have been proved under the general denial.   *Hill v. Atterbury*, 88 Mo. 118, loc. cit.;  *Stocker v. Green*, 94 Mo. 280; *Holmes v. Kring*, 93 Mo. 452;  *Fairbanks v. Long*, 91 Mo. 628.   (2) The special statute of limitations (section 221) was not repealed by the revenue act of 1877; nor so far as this defendant's rights are concerned has it ever been repealed.   All of the proceedings in this case, so far as they concern the tax deed, tax sale, etc., were had while that section was unquestionably in force.   *Allen v. White*, 98 Mo. 55.   (3) Neither was section 221 of the act of 1872 repealed by the revision of 1879.   It was an act of a general nature, in full force at the time of such revision, and it applies only to tax deeds executed under the law of 1872, and is not in conflict with any provision of the statute of 1879 or of 1889.   Revised Statutes, 1879, sec. 3161; Constitution, 1875, sec. 1;  Revised Statutes, 1889, sec. 6607;  *State v. Hickman*, 84 Mo. 78;  *State v. Grant*, 79

Mo. 113; *State ex rel. v. Frazer*, 98 Mo. 426; *State v. Heidorn*, 74 Mo. 410; *Keating v. Hyde*, 23 Mo. App. 555; *Creason v. Railroad*, 17 Mo. App. 111. (4) Even if this special statute of limitations is repealed, it could in nowise affect the rights of this defendant acquired while it was in full force. There is an express statute of this state protecting him. Revised Statutes, 1879, sec. 3150; Revised Statutes, 1889, sec. 6596; *State ex rel. v. County Court*, 53 Mo. 128. (5) The defendant could not be divested of rights acquired under the law of 1872, and a legislative attempt to do so would be unconstitutional and void. *Murray v. Charleston*, 96 U. S. 432; *Vanhoffman v. Quincy*, 4 Wall. 535; *Butz v. Muscatine*, 8 Wall. 575; *State v. Hager*, 91 Mo. 452; *Bobey v. Siddey*, 64 Ill. 447; *Grace v. Biddle*, 8 Wheat. 1; *Bonson v. Kinsey*, 1 How. 311; *Coffman v. Bank*, 40 Miss. 29; *Goshen v. Stonington*, 4 Conn. 209; *Lewis v. Brackenridge*, 1 Blackf. (Ind.) 220. (6) But the appellant did not raise the question of the statute of limitations, or of its repeal in the trial court either by objections to the evidence or by instructions, and she cannot, therefore, raise the question here for the first time. *Blodgett v. Shaffer*, 94 Mo. 672. No instructions having been asked by the plaintiff, there is nothing before this court except the question as to whether the evidence was sufficient to support the finding. *Alton v. Arnold*, 27 Mo. App. 264; *Easley v. Elliott*, 43 Mo. 289; *Harbison v. School District*, 89 Mo. 184; *Mead v. Spaulding*, 94 Mo. 43; *Krider v. Milner*, 99 Mo. 145; *Gaty v. Clark*, 28 Mo. App. 332. (7) The tax deed is in the statutory form. It is almost a literal copy of the deed approved by this court in *Allen v. White*, 98 Mo. 55. The fact that the taxes for 1871 were combined with those for 1873 in the same sale and same deed does not invalidate the deed. The same proceedings are provided for the collection of

each of these years' taxes. The deed is good and valid even for the taxes of 1871. Laws of 1872, sec. 229; Laws of 1872, sec. 230. (8) But even if the addition of the taxes for 1871 to those for 1873 was erroneous, or the sale, or the deed invalid as to the taxes for 1871, that does not in the least affect the validity of the deed, for it is a good deed, in exact statutory form, for the taxes of 1873. The fact that an error may have been made as to the taxes for 1871, does not render the deed void as a conveyance for taxes of 1873. This is expressly provided in the law of 1872, under which this sale was made. Laws of 1872, sec. 241. For construction of an exactly similar statute see *Eldridge v. Kuehl*, 27 Iowa, 160; *Rhodes v. Sexton*, 33 Iowa, 540; *Parker v. Sexton*, 29 Iowa, 421. (9) The right of entry accrued while the special statute of limitations is admitted to have been in full force. The filing and recording of the tax deed on February 20, 1877, set the statute in motion, and it is settled law in this state that the statute in force at the time the right of entry accrued governs in such cases. It, therefore, makes no difference whether the special statute was repealed or not. Revised Statutes, 1879, sec. 3252; *Nelson v. Chariton Co.*, 60 Mo. 386; *Pratt v. Canfield*, 67 Mo. 52; *School Directors v. Georges*, 50 Mo. 194; *McCartney v. Alderson*, 54 Mo. 320; *Wickersham v. Woodbeck*, 57 Mo. 59; *Burch v. Winston*, 57 Mo. 62; *Abernathy v. Dennis*, 49 Mo. 469; *Railroad v. McGee*, 75 Mo. 525; *O'Neal v. St. Louis*, 8 Mo. App. 416; *Life Ins. Co. v. St. Louis*, 98 Mo. 422; *Billion v. Walsh*, 46 Mo. 492.

BURGESS, J.—This is an act of ejectment for the recovery of forty acres of land in Gentry county, to-wit, the northeast quarter of the northeast quarter, section 15, township 63, range 30. The petition is in the usual form.

The answer is as follows:

"Comes now the defendant and files his amended answer to plaintiff's petition herein, and admits that on the second day of March, 1889, and for a long time prior thereto, he was, and that he still is in possession of the land described in said petition; but denies each and every other allegation in said petition contained. For his further answer and defense, the defendant further alleges that on the nineteenth day of February, 1877, the said land, together with other lands situated in said county of Gentry, was duly conveyed to one George C. Holden, by a deed of conveyance duly and legally made, executed, acklowledged and delivered to the said Holden, by one F. M. Setzer, acting as and who was the collector of said county of Gentry, under, by virture of, and in conformity with, the provisions of an act of the general assembly of the state of Missouri, approved March 30, 1872, and entitled 'An act concerning the collection and assessment of revenue;' that said deed bore date of the nineteenth day of February, 1877, and was on the same day duly and properly acknowledged before John T. Daniel, clerk of the county court of said Gentry county. That the said deed was duly filed for record on the twentieth day of February, 1877, and properly recorded in the office of the recorder of deeds of said county, in book 30, at pages 25 and 26, on the fifth day of April, 1877. Defendant further alleges that on the third day of April, 1885, he became the owner of said lands by purchase of the said Holden, for a valuable consideration. That the said Holden and wife did, by their deed of conveyance containing covenants of general warranty, bearing date of the said third day of April, 1885, and being duly made, executed, acknowledged and delivered, convey said land to this defendant. The defendant further alleges that on the——day of May,

1885, the said land being at the time unoccupied, wild prairie land, he entered upon, fenced and enclosed the same, and that he has at all times since that date, and still is in the open, notorious and exclusive adverse possession thereof, and that neither the plaintiff nor her grantors have ever been in the actual possession of said land."

Plaintiff filed reply to the new matter set up in the answer. Plaintiff showed a regular chain of title from the government of the United States.

Defendant and those under whom he claimed had been in the actual possession of the land for more than three years before the commencement of the suit, claiming under a tax deed which was read in evidence over appellant's objections.

The cause was tried by the court sitting as a jury and the finding and judgment were for defendant. No instruction or declaration of law was asked by either party. Plaintiff filed her motion for new trial which, being overruled by the court, she saved her exceptions and appealed to this court.

The questions involved and upon which this case is to be determined are: *First.* Is the answer of defendant sufficient to raise the question of the special three years statute of limitations, contained in the revenue law of 1872? *Second.* Was the special statute of limitations, section 221, law of 1872 repealed by the revision of 1879, so as to cut off the rights of the defendant, and his grantor, if any they acquired, under the tax deed while the special statute was in force? *Third.* Is the tax deed void on its face because it shows that the taxes for 1871 were included with those for 1873 in the same judgment, sale and deed? *Fourth.* If the deed is invalid as to the taxes for 1871, can it be upheld and sustained as a good deed under the sale for taxes of 1873?

The question as to whether the three year special statute of limitations must be pleaded by the party relying upon it is an open one in this state, the present question never having been passed upon by this court. In actions of ejectment where the general statute of limitations is relied on as a defense for the purpose of showing title, it has been uniformly held that it is not necessary to plead it, and that such defense is competent under a general denial. *Stocker v. Green*, 94 Mo. 280; *Fairbanks v. Long*, 91 Mo. 628, and cases cited.

The nearest approach to a decision of the question now under discussion that we have been able to find, is in the case of *Hill v. Atterbury*, 88 Mo. 118, where this special statute of limitations was relied on as a defense as in this case. Although it was specially pleaded in that case with great particularity, the court held that it was not necessary to do so, as the facts might have been proven under the general issue.

We can see no good reason why the same rules of pleading should not apply in this case that apply in all others of like character where the suit is ejectment and the general statute of limitations is relied on as a defense. It is true that in some instances there is a distinction made by law writers in cases where the statute of limitations confers absolute title, and in cases where it only operates as a suspension of the remedy, but we know of no distinction where the title to real estate is involved and the statute is relied on as a defense.

The answer sets up all the facts in regard to the execution of the tax deed, its filing and recording, with much precision and detail, and we take it that under the ruling in the case of *Hill v. Atterbury*, *supra*, and our system of practice, that that was all or more than was absolutely necessary, as all the facts might have been shown under a general denial. No reason has

Bird v. Sellers.

been suggested to us by appellant's counsel why such is not the case, nor has any authority been called to our attention holding to a different rule. In the case of *Nelson v. Brodhack*, 44 Mo. 601, Judge BLISS in speaking for the court says, "A plea of the statute of limitations then is simply a denial of the plaintiff's title. It can have no other legal effect. It need not be pleaded. * * * 'The defendant was, therefore, not required to plead the statute of limitations; and when the seizin was denied the demandant was required to prove it within time prescribed.'" The general plea put everything in issue, and we can see no reason on principle why the plea of the statute should have been required.

As the validity of the tax deed to one George C. Holden under which defendant claims title is called in question, we here copy it in full together with the certificates of record indorsed thereon, which are in words and figures as follows:

"Know all men by these presents, that, whereas, at the July term, 1874, of the county court of Gentry county a judgment was obtained in said court in favor of the state of Missouri, against the following described tracts of land situate in said county of Gentry and state of Missouri, viz.:

| Tract No. | Acres | Description. | Sec. Twp. Rng. | Years for which taxes are due. | Taxes, interest, costs and penalties |
|---|---|---|---|---|---|
| 1 | 40 | NE 1-4 of NE 1-4 | 15——63——30 | 1871–73 | $12.41 |
| 2 | 40 | NW 1-4 of NE 1-4 | 15——63——30 | 1873 | 7.59 |
| 3 | 40 | SE 1-4 of SE 1-4 | 14——61——32 | 1873 | 3.91 |
| 4 | 40 | SW 1-4 of SE 1-4 | 14——61——32 | 1873 | 3.91 |
| 5 | 40 | SE 1-4 of SW 1-4 | 14——61——32 | 1873 | 3.91 |
| 6 | 40 | NW 1-4 of NE 1-4 | 23——61——32 | 1873 | 3.91 |
| 7 | 40 | NE 1-4 of NE 1-4 | 23——61——32 | 1873 | 5.12 |
| 8 | 40 | NE 1-4 of NW 1-4 | 23——61——32 | 1873 | 5.12 |
| Total.. | | | | | $47.09 |

"For the sum of money set opposite each tract of land respectively in the above tabular statement being the amount of taxes, interest and costs assessed upon said tracts respectively for the years set forth opposite each tract in the above tabular statement and amounting in the aggregate to $47.09. And, whereas on the fifth day of October, A. D. 1874, R. M. McCamman, collector of the county aforesaid, by virture of a special execution issued out of the county court of the county aforesaid, dated the twentieth day of July, A. D. 1874, and to the collector of said county directed, did expose to public sale at the courthouse in the county aforesaid, in conformity with all the requisitions of the statute in such cases made and provided, the tracts of land above described for the satisfaction of the judgment so rendered as aforesaid, at the time and place aforesaid Geo. C. Holden, of the county of Gentry and state of Missouri, have offered to pay the aforesaid sum of $12.41 for all of the first above described tract—and $7.59 for all of the second tract above described (and so on for the other tracts numbering up to 8) which was the least quantity bid for each above described tract was stricken off and sold to Geo. C. Holden.

"Now, therefore, I, F. M. Setzer, collector of county, for and in consideration of the premises and of the said sum of $47.09 to the collector of said county as aforesaid in hand paid by the aforesaid George C. Holden, at the time of the aforesaid sale and by virtue of the statute in such case made and provided, having granted, bargained and sold, and by these presents do grant, bargain and sell unto the said George C. Holden and to his heirs and assigns the above described tracts of land viz.:

"[Here all are described just as before set out, the 8 tracts] to have and to hold unto the said George C. Holden, and to his heirs and assigns forever, subject,

however, to all the rights of redemption provided by law, in witness whereof, I, F. M. Setzer, collector as aforesaid, by virtue of the authority aforesaid, have hereunto subscribed my name and affixed my seal this nineteenth day of February.

"[SEAL.]                    "F. M. SETZER,"

      "Collector of Gentry County, Missouri."

"STATE OF MISSOURI, ⎱ ss
"County of Gentry. ⎰

"I certify that, on the nineteenth day of February, one thousand eight hundred and seventy-seven, personally appear before the undersigned, John T. Daniel, clerk of the county court in and for the county aforesaid, F. M. Setzer, collector of the said county of Gentry, who is personally known to me, the said clerk, to be the identical person whose name is subscribed to the foregoing deed, as having executed the same and acknowledged that he executed the same for the uses and purposes therein mentioned.

"In testimony whereof, I have hereunto subscribed my name and affixed the seal of said county the day and year above written.

"[L. S.]                    JOHN T. DANIEL,

      "Clerk of the county court of Gentry county, Missouri.

"Filed for record February 20, 1877, and again June 9, 1886, 3:30 P. M."

The contention of the appellant's counsel is that this deed is null and void on its face, inasmuch as the tract in controversy was sold for the taxes for two years, 1871 and 1873, at the same time, and, being governed by different laws and rules, could not be united in the same proceedings, and the deed being of no validity, did not put the statute of limitations in motion.

Grant it, that the taxes of 1871 were under the law of March 30, 1872, back taxes (and we think they were) and should have been dealt with as such under section 229, Wagner's Missouri Statutes, 1872, page 1210, and judgment rendered and sale made at July and October terms, 1872, of the county court, and that a subsequent judgment and sale would have been void unless some valid reason for not doing so was given in the deed which was not done in this case, would that invalidate the deed for the taxes for the year 1873? The sale for the taxes for 1873 was regular in every respect, and as prescribed by the statute. The deed to the purchaser was in the form as provided by section 217 of the statute, and in every essential like the deed which was held good by this court in the case of *Allen v. White*, 98 Mo. 55. The fact that the deed may not have been valid as to the taxes of 1871, does not render it void as a conveyance for the taxes of 1873.

It is expressly provided by section 241, Wagner's Statutes, 1872, that no irregularity in the assessment roll, nor omission from the same, nor mere irregularity of any kind in any of the proceedings shall invalidate the same, and no overcharges as to part of the taxes or costs, nor payment of such taxes or costs, shall invalidate the sale for taxes except as to the part of the real estate erroneously sold. The supreme court of Iowa, in passing upon a similar statute, held, that, where a tract of land was sold for the taxes for three different years, for one integral sum, and one bid, and for some of the years some part of the taxes were illegal, that it did not render the sale and deed void, and that if the sale was legal as to any part of the tax, it was valid. *Rhodes v. Sexton*, 33 Iowa, 540; *Parker v. Sexton*, 29 Iowa, 421; *Eldridge v. Kuehl*, 27 Iowa, 160. This seems to be the rule in regard to all other deeds, whether official or not. For instance, if a sheriff should sell two different tracts of land under the same judg-

ment and execution to one purchaser at the same time, and it should turn out that the sale was void as to one of the tracts because of some defect in the proceedings, we do not think that would render the sale and deed void as to the tract, in regard to which the proceedings were entirely regular and in conformity with the law.

The tax deed being valid on its face, it put the three years statute of limitations in motion from the time it was recorded, as was held by this court in the case of *Hill v. Atterbury*, 88 Mo. 114; *Hopkins v. Scott*, 86 Mo. 140, and *Mason v. Crowder*, 85 Mo. 526. The tax deed having been put on record on the twentieth day of February, 1877, it put the statute of limitations in motion. This suit was instituted on the twenty-seventh day of June, 1889. Now, unless the special statute of limitations was in force for the full period of three successive years next after the deed was recorded, so far as this action is concerned the deed was improperly admitted in evidence as a bar to plaintiff's recovery. Section 221, Wagner's Statutes, 1872, page 1207 was not carried into the revision of 1879, and was repealed except in so far as it affected vested rights if any there were. The precise question as to its repeal was passed on by this court in the case of *Blodgett v. Schaffer*, 94 Mo., loc. cit. 672, in which it was held that as section 221, *supra*, had not been preserved, that it was repealed, according to the provision of section 3160, Revised Statutes, 1879.

But counsel for respondent in a well written brief, and an able and ingenious argument, contend that if section 221, *supra*, is repealed, that it could not in any wise affect the rights of respondent acquired while it was in full force, because there is an express provision in the statute of 1879, sec. 3150, protecting such rights.

This section only provides that the repeal of any statutory provision shall not affect any act done or right accrued or established in any proceedings, suit or prosecution, had or commenced in any civil case previous to the time when such repeal should take effect; but that every such right should remain intact. We are unable to see what application that section has to this case, as no act had been done by defendant or right accrued to him in any proceedings, unless it was the right to be sued, and that we do not conceive to be a vested right, especially in the respondent. It was the appellant in this case who had the right to sue, but, before doing so, the law authorizing her to institute suit and prescribing the time in which it should be done was repealed, thereby obviating the necessity. It hardly seems reasonable that if section 221, *supra*, had have been repealed within ten days after the recording of the tax deed that respondent would have had any vested right, or that it would have been necessary for appellant to have instituted suit against him within three years from the filing of the tax deed in order to have prevented her cause of action from being barred by the statute.

It is somewhat difficult to observe how the rights of respondent were affected by the repeal of the statute, as the deed under which he claims was in no manner affected or his rights abridged by it. There was no one in the possession of the land, and the tax deed was only color of title, which would have ripened into title at the expiration of three years from the time it was recorded if in the mean time appellant had not instituted suit. It would seem that it was appellant's rights that were affected by the repeal, as before she was required to bring her suit within three years after the tax deed was recorded, while afterwards she had ten years within which to do so, after possession of the

land was taken by defendant or those under whom he claims title.

It may be said that the tax deed was not constructive possession, but that rule only applies to legal titlos or titles in fee. We have examined every authority cited by counsel in their briefs, and are prepared to say that in our opinion the court committed error in excluding the evidence offered by appellant in rebuttal for the purpose of showing the invalidity of the deed. Wagner's Statutes, 1872, sec. 219.

It follows from the views herein expressed that the case must be reversed and remanded to be proceeded with in conformity with this opinion. All of this division concur.