| 87 | 635 |
| 99 | 129 |
| 87 | 635 |
| 104 | 508 |
| 87 | 635 |
| 100a | ³163 |

## PEARCE, *Appellant*, v. TITTSWORTH.

1. Tax Deed: STATUTE. The provisions of the statute prescribing the form for tax deeds are mandatory and while the deed need not recite literally the language of the statute, its recitals must show a strict compliance with the statutory requirements.

2. ———: ———. The tax deed in this case held not to conform to the positive and mandatory provisions of the law, and for that reason to be void on its face.

Pearce v. Tittsworth.

3.  **Tax Deed Void on its Face : LIMITATIONS.** A tax deed void on its face will not set the special statute of limitations (W. S., sec. 221, p. 1207), in motion. Following *Mason v. Crowder*, 85 Mo. 526.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Higbee & Raley* for appellant.

(1) The recitals in the tax deed fail to show a compliance with the requirements of the statute. W. S., p. 1207, sec. 223. The deed nowhere recites a sale to any one, nor does it state who issued the certificate of purchase, nor are its date or contents given, nor the substance of the order given to Hines. These are fatal defects. *Willams v. McClanahan*, 67 Mo. 499. (2) The collector must be held to a strict performance of every pre-requisite of the statute before the title of the citizen to the property can be taken away. *Abbott v. Doling*, 49 Mo. 302; *Wellshear v. Kelly*, 69 Mo. 353. (3) Where the law declares a form for a tax deed it must be substantially, if not literally pursued, or the deed will be void. *Lain v. Cook*, 15 Wis. 446; *Lain v. Shephardson*, 18 Wis. 59; *Cutler v. Hurlbert*, 29 Wis. 152; *Wakely v. Mohr*, 18 Wis. 321. (4) A tax deed, void on its face, will not start the statute of limitations in favor of the holder when not in possession. Burroughs on Taxation, sec. 812. The tax deed being void on its face, plaintiff's action is not barred by the special statute of limitations. W. S., sec. 22, p. 1207; Cooley on Taxation, 379; *Wofferd v. McKinna*, 23 Tex. 36; *McMillan v. Wehle*, 55 Wis. 685; *Dalton v. Lucas*, 63 Ill. 337; 27 Minn. 449; 19 N. W. Rep. 83; 29 Wis. 152.

*Shelton & Dysart* for respondent.

(1) The recitals in the tax deed were a sufficient compliance with the statute. *Raley v. Guinn*, 76 Mo. 263. (2) The three years special statute of limitations bars plaintiff's recovery. *Jackson v. McGruder*, 51 Mo. 55; *Lorg v. Higgenbotham*, 56 Mo. 245; *Hamilton v. Boggess*, 63 Mo. 233; *Crispen v. Hannovan*, 50 Mo. 536; *Dalton v. Bk.*, 54 Mo. 105. (3) The action was brought by the original owner of the land out of possession and against the subsequent owner by tax deed, and in the actual adverse possession of the lands, hence the special statute of limitations applies. *Spurlock v. Dougherty*, 81 Mo. 171. (4) Under the statute, the special statute of limitations begins to run in favor of the purchaser at the sale for taxes from the recording of the deed. W. S., p. 1207, sec. 222; Cooley on Tax., pp. 377-8; *Robb v. Bowen*, 9 Pa. St. 7; *Sheik v. McElroy*, 20 Pa. St. 25; *Doan v. Early*, 15 Wis. 100. (5) The judgment of the county court being regular on its face imports the same verity that a judgment of the circuit court does, and is conclusive of everything necessary to the rendition of a valid judgment in a collateral proceeding like this. *Raley v. Guinn*, 76 Mo. 263.

RAY, J.—This is an action of ejectment, brought January 10, 1881, in the circuit court of Schuyler county for one hundred acres of land in said county. Plaintiff showed a regular chain of title. Defendant claims title under a tax deed of forfeited lands to W. C. McBee, for taxes for 1872, executed and recorded December 6, 1876, and pleads the special statute of limitations under section 221, page 1207, Wagner Statutes.

The undisputed facts, as shown by the record, are: The land in controversy was entered in 1847 and 1852 by Robert and John Fugate, who fenced the eighty acre

tract in 1854 and put forty acres of it in cultivation. They conveyed to Y. W. Payton in 1865. He conveyed to J. W. Hinch, who conveyed to plaintiff in 1869. This eighty acres remained inclosed and in cultivation and in the actual possession of the Fugates and their aforesaid grantees until 1867, when the fences were removed and the land lay uninclosed until April, 1878, during which interval no one was in actual possession. In April, 1878, defendant, for the first time, entered, took possession and inclosed the eighty acre tract, broke up about sixty acres of it, and has remained in possession. The twenty acre tract lies about two miles from the eighty tract. It is timber land. Defendant offered in evidence the aforesaid tax deed, to the introduction of which various objections were made by plaintiff, all of which were overruled and the deed was admitted. Defendant next read in evidence a deed from McBee's administrator to himself, dated March 22, 1878. Certain instructions were asked by plaintiff and refused. The finding and judgment were for defendant. Motion for new trial was filed and overruled, and plaintiff brings the case to this court by appeal.

It will be seen, therefore, from the foregoing statement, that there are two questions submitted and calling for our determination in this case: (1) Whether said tax deed is void upon its face, and (2) whether plaintiff's action is barred by limitation under section 221, Wagner Statutes, page 1207. What we deem for the present purpose the material part of said deed is as follows: "* * * And, whereas, on the twenty-eighth day of November, A. D., 1874, said tracts of land were sold by the collector of Schuyler county, Missouri, for the taxes, interest and costs and penalty, due thereon for the year aforesaid and including also the taxes due for the years 1870, 1871 and 1873, to the state of Missouri and the county of Schuyler, the whole amounting to $55.70, said sale being made according

to law, on the order of the clerk of the county court, given to Joseph C. Hiner, who received a certificate of purchase, which certificate was by him, on the thirtieth day of October, 1875, assigned in writing to Wm. C. McBee."

Said tax deed was for forfeited lands for the taxes of 1870, 1871 and 1873, and was made or sought to be made under section 223, Wagner Statutes, page 1207, which provides: "If any person shall desire to * * * purchase any tract of of land * * * forfeited to the state, he shall apply to the county clerk, who shall issue his order to the county collector, directing him to receive from such person the amount due on said tract, * * * particularly describing the property and setting forth the amount due, and upon presentation of said order to the county collector, he shall receive said amount and give the person duplicate receipts therefor, setting forth a proper description of the property and the amount received ; one of which shall be countersigned by the county clerk, and when so countersigned, shall be evidence of the * * * sale of the property therein described * * * but no such receipt shall be valid until it is countersigned by the county clerk. The other receipt shall be filed by the county clerk. * * * In cases of sale the collector and clerk shall make the receipt in the form of a certificate of purchase." Section 217, Wagner Statutes, page 1205, prescribes the form of tax deeds therein contemplated and says the same "shall conform as near as possible" to the form therein prescribed.

We may refer in this connection to what this court has heretofore said, that "when the statute prescribes the particular form to be observed in the execution of the deed, that form becomes substance and must be strictly pursued or the deed will be void." *Williams v. McLanahan*, 67 Mo. 499. The provisions of the statute are mandatory, and while the deed need not recite liter-

ally the language of the statute, its recitals must show a strict compliance with the substantial requirements thereof. We think it at least doubtful whether the recitals in the deed, as the same are printed and punctuated in the abstract and briefs on both sides, expressly show that there was a sale by the collector to Joseph C. Hiner. The deed recites that the "said tracts of land were sold by the collector of Schuyler county, * * * said sale being made according to law on the order of the clerk of the county court given to Joseph C. Hiner." Was the sale made to Hiner by the collector or the order of the county clerk given to Hiner? But even if the deed is to be regarded as only awkardly expressed in this respect, and read as a slight transposition will make it read, that the lands were sold by the collector of Schuyler county to Joseph C. Hiner, what, we may ask, is the meaning of and force and effect to be given the balance of the recital, viz.: "Said sale being made according to law on the order of the clerk of the county court given?" As this court has heretofore said, the recital that the sale was made according to law amounts to nothing. The facts must be set out so that the court may see whether or not the law has been complied with. *Large v. Fisher*, 49 Mo. 307; *Smith v. Funk*, 57 Mo. 239; *Spurlock v. Allen*, 49 Mo. 180. When was this order of the county clerk given, and what were its contents, and to whom was it given? To the collector, which the statute requires? The deed does not so say. It recites that an order of sale was given, and by whom given, but not to whom given. Were there duplicate receipts given by the collector for the amounts due, and was there any countersigning of one of said duplicate receipts by the county clerk as required by the statute, and which the statute declares shall, when so countersigned by the county clerk, be evidence of the sale?

The statute further declares that the receipt shall

not be valid unless it is so countersigned by the county clerk. And further, the deed recites that said Hiner received a certificate of purchase, but the date thereof is not given, nor is there any recital that said certificate of purchase was signed by the collector and clerk, as required by the statute, or by either of them, or by any one; nor is it recited therein who issued the same, nor are the contents or substance thereof given. There must be, as said, a strict compliance with every pre-requisite of the statute before the title of the owner can be divested. The defects in the deed in question are not mere irregularities such as are contemplated and cured by section —, but the deed we think fails to conform to the positive and mandatory provisions of the law, and is, therefore, void on its face. *Williams v. McClanahan*, 67 Mo. 499; *Wellshear v. Kelly*, 69 Mo. 353.

As to the point made by respondent's counsel, that the judgment of the county court, being regular on its face, imparts the verity that the judgment of the circuit court does and cannot be assailed collaterally, we deem it sufficient to say that the record does not show that any such judgment was offered in evidence. The defendant at the trial relied solely upon the tax deed. The decision of this court in *Raley v. Guinn*, 76 Mo. 263 is, therefore, inapplicable.

The second and remaining question arising upon the record, viz.: Whether the plaintiff's action is barred under section 221 and 222, Wagner's Statutes, *supra*, where the defendant, as in this case, claims under a void tax deed, has, since the trial of this cause been before this court in the case of *Mason et al. v. Crowder*, and again upon a re-hearing of said case. Upon a review of the question and authorities this court, upon said re-hearing in *Mason et al. v. Crowder*, 85 Mo. 523, held that the special statute of limitations has no application except where the tax deed is valid upon its face; and that

‾while void tax deeds have been in many cases held good
:as color of title under the general statute of limitations, ·
:the question of color of title does not arise under the·
·special statute in question, which is not based upon ad-
verse possession, but upon the recording of the tax
deed.    See authorities cited.

These views, therefore, dispose of the present case,.
and lead to a reversal of the judgment of the circuit.
court and a remanding of the cause, which is ordered
accordingly.    All concur.    Henry, C. J., in the result,
,only.