Bird v. Sellers.

## BIRD v. SELLERS, *Appellant.*

### Division One, May 14, 1894.

1. **Tax Deed:** SPECIAL STATUTE OF LIMITATIONS. REPEAL OF. The special three years' statute of limitations contained in the revenue law of 1872 (2 Wag. Stat., 1872, p. 1207), was not repealed by the Revised Statutes of 1879 (overruling *Bird v. Sellers*, 113 Mo. p. 580.)

2. ———: ———. A tax deed executed pursuant to the revenue law of 1872 (Laws, p. 80), valid on its face and of record more than three years, and said special statute of limitations being in force, will bar recovery on the part of the former owner.

3. **Appellate Practice:** OVERRULING FORMER DECISION. An erroneous decision of the supreme court, resulting from a mistake as to a matter of fact, will not, on a second appeal in the same case, be treated as the law of the case, where no injustice or hardship will result from overruling the former decision.

*Appeal from Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED.

*J. W. Peery* and *J. L. McCullough* for appellant.

(1) The petition only alleged and prayed judgment for damages in the sum of $100; it was therefore error

122   23,
63a 419

122   23
140   369

122   23
147   151
78a 643

122   23
153   325

for the court to render judgment for damages in the sum of $260. *Carr v. Edwards*, 1 Mo. 137 (Marg.); *Hayton v. Hope*, 3 Mo. 53; *Maupin v. Triplett*, 5 Mo. 422; *Moore v. Dixon*, 50 Mo. 424; *Armstrong v. St. Louis*, 3 Mo. App. 100; *Poulson v. Collier*, 18 Mo. App. 605, *loc. cit.; Carter v. Shotwell*, 42 Mo. App. 665, *loc. cit.; Pope v. Salmon*, 35 Mo. 365. (2) This error being apparent on the face of the record, may be taken advantage of, though no motion in arrest of judgment was filed. *Carr v. Edwards*, 1 Mo. 137; *Maupin v. Triplett*, 5 Mo. 423; *Hamstead v. Stone*, 2 Mo. 66; *Bateson v. Clark*, 37 Mo. 31; *State ex rel. v. Matson*, 38 Mo. 489; *Bagby v. Emberson*, 79 Mo. 139; *McIntire v. McIntire*, 80 Mo. 470; *Funkhouser v. Mallen*, 62 Mo. 555; *State ex. rel. v. Scott*, 104 Mo. 31; *Weil v. Green Co.*, 69 Mo. 268; *Smith v. Burnes*, 106 Mo. 94; *Harrington v. Evans*, 49 Mo. App. 372; *Mumma v. Standte*, 24 Mo. App. 473; Finkelnberg Mo. App. Practice, pp. 84, 85. (3) The holding of division number two of this court, upon the former appeal, that section 221 of Act of 1872 was repealed, is in direct conflict with section 3161 Revised Statutes, 1879, and of the decisions of this court in the cases of *Allen v. White*, 98 Mo. 55, and *State v. Hickman*, 84 Mo. 78, and such holding should be reviewed. *Leete v. State Bank*, 115 Mo. 184; *State v. Hickman*, 84 Mo. 78; *State v. Grant*, 79 Mo. 113; *State v. Harrison*, 98 Mo. 426; *State v. Heidorn*, 74 Mo. 410; *Keating v. Hyde*, 23 Mo. App. 555; *Creason v. Railroad*, 17 Mo. App. 111; *Young v. Railroad*, 33 Mo. App. 514; *State v. Roller*, 77 Mo. 120, 129; *Bartlett v. King*, 7 Am. Dec. 99, 105; *State v. Wes. Cem. Ass'n*, 11 Mo. App. 570; *Ins. Co. v. Hill*, 12 Mo. App. 163; *Negrotto v. City*, 49 Mo. App. 286; *State v. Daly*, 49 Mo. App. 184. (4) The rights of defendant under the tax deed, and under the law as it stood when he paid his money and received his deed, can not be taken away by subsequent legislative

action or repeal. *Leete v. State Bank*, 115 Mo. 184. (5) The right of entry and of action in this case accrued on February 20, 1877, while said special statute of limitation, of three years (Sec. 221, Act of 1872) was undoubtedly in force. Therefore such special statute must govern, so far as this case is concerned, whether it has been repealed or not. R. S. 1879, section 3252; *Nelson v. Chariton Co.*, 60 Mo. 386; *Pratt v. Canfield*, 67 Mo. 52; *School Directors v. Georges*, 50 Mo. 194; *McCartney v. Alderson*, 54 Mo. 230; *Wickerscham v. Woodbeck*, 57 Mo. 59; *Burch v. Winston*, 57 Mo. 62; *Abernathy v. Dennis*, 49 Mo. 469; *Railroad v. McGee*, 75 Mo. 525; *O'Neil v. St. Louis*, 8 Mo. App. 416; *Ins. Co. v. St. Louis*, 98 Mo. 522; *Billion v. Walsh*, 46 Mo. 492. (6) The tax deed under which defendant claims is regular and valid upon its face. *Bird v. Sellers* 113 Mo. 580. It was placed upon record February 20, 1877. This action was not commenced until June 29, 1889, more than twelve years after the recording of said tax deed. At the time the tax deed was recorded, and at the time defendant took actual possession of the land (May, 1885), it was wild, unoccupied and unimproved, and had never been in the actual possession of plaintiff or her grantors, or of anyone else. Therefore, at the time of the commencement of this suit, defendant and his grantor had been for more than twelve years subject to plaintiff's action of ejectment, by reason of the provisions of section 222 of the Act of 1872, now section 7698, Revised Statutes, 1889, and this action was therefore barred by the general statute of limitations. Act 1872, section 222 (R. S. 1889, sec. 7698); R. S. 1889, sec. 6774; *Allen v. White*, 98 Mo. 55; *Callahan v. Davis*, 90 Mo. 84; *Hill v. Atterbury*, 88 Mo. 114; *Gray v. Yates*, 67 Mo. 602; *Mason v. Crowder*, 85 Mo. 56; *Robinson v. Ware*, 94 Mo. 687; *Hopkins v. Scott*, 86 Mo. 140; *Lewis v. Disher*, 32 Wis. 504; R. S. (Wisconsin, 1878), secs. 1187 to

1190; *Cunnison v. Hahne*, 18 Wis. 281; *Warren v. Put-man*, 63 Wis. 410; *Lawrence v. Kenry*, 32 Wis. 281. (6) A plaintiff's cause of action is barred whenever the statutory period has elapsed from the time within which he might have brought his action, and the recording of the tax deed put the general statute of limitations in motion. *Hintrager v. Frank*, 27 N. W. Rep. (Iowa) 807; *Ball v. Railroad*, 16 N. W. Rep. (Iowa) 592; *La Rue v. King*, 37 N. W. Rep. 374; *Bradley v. Cole*, 25 N. W. Rep. 851, see note 30; *Inues v. Drexel*, 43 N. W. Rep. 201; *Degette v. Sheldon*, 44 N. W. Rep. 30; *Douglas v. Boyle*, 22 Pac. Rep. 316; *Parker v. Matheson*, 32 N. W. Rep. 598.

*George W. Shoemaker* and *Lewis & Ramsay* for respondent.

(1) Appellant's first point that the judgment is excessive, is not well taken, for the following reasons: *First*. If it be true that the judgment is excessive, the question ought to have been raised in the motion for a new trial or in some manner in the court below, as such an error, if it existed, would doubtless have been corrected there. *Blanton v. Dold*, 109 Mo. 64; *Spotts v. Railroad*, 111 Mo. 380; *St. Louis v. Sieferer*, 111 Mo. 662. *Second*. The prayer is for $100 damages, rents at $5 per month for monthly values and "for other proper relief," so that any relief consistent with the pleadings and evidence could be granted under the code of civil procedure. *Kerr v. Simmons*, 82 Mo. 275; *Sharkey v. Dermott*, 91 Mo. 647; *Baker v. Railroad*, 34 Mo. App. 98; *State to use v. Adler*, 97 Mo. 413. *Third*. The petition charges that the damages at the time petition was filed, June 27, 1889, were $100, and that the monthly value of the rents and profit was $5; this counted down to date of judgment, December 18, 1893,

would run the damages claimed from $100 up to about $360, so that the judgment is less than the amount stated in the petition.  The statute provides for including the monthly values to date of trial in with the damages.   Revised  Statutes,   1889,  section  4638. (2) The three years' statute of limitations, section 221 of revised laws, 1872, was repealed in the revision of 1879, before the expiration of three years from the filing of the tax deed.   Revised Statutes, 1879, Section 3160; *Blodgett v.  Schaffer*, 94 Mo. 672;  *Bird v.  Sellers*, 113 Mo. 580;  *Butler v. Saline  Co.*, 108 Mo. 630. This case holds that a section authorizing employment of assistant counsel by county court, having been omitted in revision of 1879, is repealed under provisions of section 3160.' Revisions are required by the constitution of the state.  Const., art. 4, sec. 41.  So, too, irrespective of section 3160, the revision of the whole subject-matter of a law, as was done in this case with the revenue law, amounted to a repeal of the parts of the old law omitted.   See revenue laws contained in the revision of 1879, which omitted section 221, and retained its companion, 222; this was evidently done on purpose. *State v. Heidorn*, 74 Mo. 410;  *State v. Roller*, 77 Mo. 120. Such a revision will even repeal the common law. *Young v. Railroad*, 33 Mo. App. 514.   The revenue law of 1872 was a general law, as much so as that contained in the revision of 1879, and the numerous authorities cited by appellant under point 2, showing the effect of general upon special statutes have no application in this case.   (3) The repeal of the special three years' statute, section 221 was its annihilation, and nothing else took its place; it is the same as though it had never existed.   *Butler v. Pamler*, 1 Hill (N. Y.) 15;  *Green v. Collins*, 3 Clifford, 494;  Myers Fed. Rep., Volume 8, page 70;  *State to use v. Heenan*, 70 Mo. 441.   (4) Section 222 of the act of 1872, new section, 7698, statute

of 1889, is not in any sense a limitation law, but is in the light of privilege to the real owner. *Bird v. Sellers*, 113 Mo. 580. The only limitation law applicable to lands is the one requiring ten years, actual adverse possession of the whole tract or of some part under color of title to the whole. Revised Statutes, 1889, sections 6764, 6768. The uniform construction of this statute both in England and America requires an actual, open and notorious adverse possession. *Bowman v. Lee*, 48 Mo. 335; *Crispen v. Hannavan*, 50 Mo. 536; *Bradley v. West*, 60 Mo. 33; *Lynch v. Williams*, 68 Mo. 360; *Mabary v. Dollarhide*, 98 Mo. 198; *Pepper v. O'Dowell*, 39 Wis. 538; *Gray v. Jones*, 14 Fed. Rep. 83. (5) All the points raised by appellant in this appeal were raised by him on the other appeal, and were passed upon and considered by this court, and the court below did not err in trying the case in accordance with the requirements of the opinion of this court. The matter is *res adjudicata*, and not now open to further consideration. *Hombs v. Corbin*, 34 Mo. App. 393; *Overall v. Ellis*, 38 Mo. 209; *Bank v. Taylor*, 62 Mo. 338; *Conroy v. Iron Works*, 75 Mo. 651; *Lancaster v. Elliott*, 42 Mo. App. 503; *Hayden v. Grillo's Adm'r*, 42 Mo. App. 1; *Southwest Lead Co. v. Ins. Co.*, 41 Mo. App. 406; *Kieth v. Kieth*, 109 Mo. 130. For the points involved in the other case we refer to that case. *Bird v. Sellers*, 113 Mo. 580, and the briefs and motion for rehearing filed therein.

BRACE, J.—This is an action in ejectment for the recovery of forty acres of land in Gentry county. The case has been here before and is reported in 113 Mo. 580. It is admitted that the legal title is in plaintiff unless it has been divested by the tax deed set out in the opinion on the former appeal, under which defendant claims. This deed duly executed by the collector

of Gentry county was recorded in said county on the twentieth day of February, 1877. This suit was commenced on the twenty-seventh day of June, 1889. It is agreed that the defendant went into the actual possession of the lands in May, 1885, and ever since has remained in the actual possession thereof; that prior thereto the land was wild and unoccupied, and that neither plaintiff nor defendant nor those under whom they claim had ever had any prior actual possession.

The land was sold for delinquent taxes and the deed executed in pursuance of a judgment of the county court under the provisions of the revenue act of 1872 (Sess. Acts, 1872, p. 80) containing, among others, the following provisions: "Sec. 222. Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes or to defeat or avoid a sale or conveyance of lands for taxes (except in cases where the taxes have been paid or the land was not subject to taxation or has been redeemed as provided by law) shall be commenced within three (3) years from the time of the recording of the tax deed and not thereafter; *Provided*, that, when the person claiming to own such land shall be an infant or a person of unsound mind, then such suit may be brought at any time within two years after the removal of such disability.

"Sec. 223. Any person hereafter putting a tax deed on record in the proper county shall be deemed to have set up such a title to the land described therein as shall enable the party claiming to own the same land, to maintain an action for the recovery of the possession thereof against the grantee in the deed or any person claiming under him whether such grantee or person is in the actual possession of the land or not."

On the first trial of the case in the circuit court the tax deed was held to be valid on its face and admitted

in evidence; thereupon the plaintiff, in order to avoid the deed offered to prove irregularities in the assessment, levy, judgment and sale of the lands, which offer was refused, and the court rendered judgment for the defendant, from which the plaintiff appealed. The appeal was heard before division number two in which it was held that the tax deed was valid upon its face, and put this three years' statute of limitations in motion from the time it was recorded, but that the deed was not a bar to the plaintiff's recovery for the reason that the statute had been repealed by the revision of 1879, within three years next after the deed had been put upon record, the court, speaking through BURGESS, J., saying: "Section 221, Wagner's Statutes, 1872, page 1207, was not carried into the revision of 1879, and was repealed, except so far as it affected vested rights, if any there were. The precise question as to its repeal was passed on by this court in the case of *Blodgett v. Schaffer*, 94 Mo. *loc. cit.* 672, in which it was held that, as section 221, *supra*, had not been preserved, it was repealed, according to the provisions of section 3160, Revised Statutes, 1879." And, for the reason that section 221 had been so repealed, the court held that the deed was subject to attack for the irregularities offered to be proved, that the trial court erred in refusing the evidence of such irregularities, reversed the judgment and remanded the cause for new trial.

Section 3160 of the Revised Statutes of 1879 is as follows: "All acts of a general nature, revised and amended and re-enacted at the present session of the general assembly, so soon as such acts shall take effect, shall be taken and construed as repealing all prior laws relating to the same subject, but the provisions of the Revised Statutes, so far as they are the same as those of prior laws shall be construed as a continuation of such laws and not as new enactments."

The attention of division number two seems not to have been called to the fact, on the former appeal, that the revenue law was not revised in 1879. Several amendments to the act of 1877 were made and section 184 of the act of 1872 was repealed. Sess. Acts, 1879, p. 186. But the law was not revised. Early in the session an act revising and amending that law was introduced in the senate as "Senate bill number 87," (Senate Journal, 1879, p. 60), referred to the committee on ways and means, who, in due course, reported a substitute therefor (*Ibid.* p. 362), which, having been considered and amended by the senate in committee of the whole, was thereafter in due course passed by the senate (*Ibid.* pp. 760–762), and sent to the house, where it was amended and passed (House Journal, 1879, pp. 1576–1584), and returned to the senate for concurrence in the house amendments. Senate Journal, p. 953. The amendments of the house were rejected by the senate, and a conference committee appointed (Senate Journal, p. 965), to which the house responded by appointing a like committee. (*Ibid.* p. 966; House Journal, p. 1611.) This conference committee never reported. But on the day before the legislature adjourned the house members of that committee submitted a protest against the delay in the shape of a report, upon which no action was taken. (House Journal, p. 1638.) Thus the legislature adjourned without revising the revenue laws of the state, and section 3160, *supra,* has no application to section 221 of the act of 1872, which remained in force after the adjournment and taking effect of the laws of this revising session of the legislature the same as before, for it goes without saying that the omission of the revising committee to carry it and other sections of that and subsequent acts into the published volume of the revised statutes, could not effect their repeal.

The tax deed being valid upon its face, and sections 221 and 222 of the act of 1872 being in force when the proceedings were had, and the deed put upon record, and remaining in force for more than three years after the deed was recorded, plaintiff's recovery was barred by that statute. *Allen v. White*, 98 Mo. 55; *Callahan v. Davis*, 90 Mo. 78; *Hill v. Atterbury*, 88 Mo. 114; *Mason v. Crowder*, 85 Mo. 526. And so it would have been held in this case on the former appeal, as is evident from the opinion, but for the fact that the court was misled by the belief that the general revenue law had been revised in 1879, which as we have seen was not the fact.

The case of *Blodgett v. Schaffer*, 94 Mo. 652, is not in point upon the question of the repeal of section 221 of the act of 1872, by the revision of 1879. The deed in that case was a sheriff's deed on sale under special execution on a judgment of the circuit court for delinquent taxes under the act of 1877, to which the three years' limitation of the act of 1872, had no application. *Bartlett v. Kauder*, 97 Mo. 356. What was said, therefore in the opinion in *Blodgett v. Schaffer* upon the subject of the repeal of said section by section 3160, *supra*, was merely *"obiter."*

From what has been said it is manifest that the judgment in favor of the defendant on the first trial was correct and ought to have been affirmed, and that the judgment in favor of the plaintiff on the second trial is erroneous, and ought to be reversed. Although the general rule is that whatever has been once passed upon here on appeal will in the same case upon a second appeal be treated as no longer open to dispute or further controversy, yet this is not an inexorable rule without exceptions, but has been frequently departed from, when such adjudication has been found to be wrong, not in harmony with other decisions of the

court, and no injustice or hardship would result from overruling the former decision. *Hamilton v. Marks*, 63 Mo. 167; *Boone v. Shackleford*, 66 Mo. 493; *Gwin v. Waggoner*, 116 Mo. 143 and cases cited; *Keith v. Keith*, 97 Mo. 223; *Rutledge v. Railroad*, 24 S. W. Rep. 1053.

Upon these general grounds this case should be treated as an exception to the rule, but especially so in view of the fact that the erroneous judgment was the result of a mistake as to a matter of fact, *i. e.*, the fact of revision rather than of an erroneous conclusion of law. The judgment will be reversed and the cause remanded with directions to enter a judgment for the defendant. All concur. BARCLAY, J., concurs fully in the foregoing opinion, but refers to his remarks in *Spohn v. Railroad*, *ante*, p. 22 as indicating his view as to the disposition to be made of the present case.