JOHN N. SMITH, Respondent v. H. D. WILLIAMS COOPERAGE COMPANY, Appellant.

St. Louis Court of Appeals, March 17, 1903.

1. **Bill of Exceptions:** TIME OF FILING: JUDGE: JURISDICTION: PRACTICE, TRIAL. The power of the judge to extend the time in which to file bill of exceptions, whether the order thereof be made in vacation or in term time, is statutory, and when made in vacation it should show either upon its face or by its file marks that it was made at a time when the judge possessed the authority to make it.

2. ———: ———: ———: DISCRETION OF JUDGE: STATUTORY CONSTRUCTION. Section 728, Revised Statutes 1899, leaves the propriety of making the order filing a bill of exceptions to the sound discretion of the judge, and when he exercises that discretion the presumption, in the absence of any contrary showing, is that he did not abuse it.

3. **Tax Deed:** VALIDITY OF: STATUTORY CONSTRUCTION. A tax deed, under the provisions of section 217 of the Act of 1872, is fatally defective when it shows upon its face that in making the

sale the collector did not comply with section 189 of the act, which requires that the "collector shall offer for sale publicly, separately, and in consecutive order, each tract of land or town lot, or city lot."

4. ——: ——: STATUTE OF LIMITATIONS, WHEN SET IN MOTION. A tax deed void on its face will not set in motion the special statute of limitations under section 221 of the Act of 1872 which provides that any suits against the tax purchaser to recover land shall be commenced within three years from the time of recording the tax deed.

5. Equity: STATUTORY CONSTRUCTION: POSSESSION: TAX DEED: EJECTMENT. The equity of the provisions of section 219 of the Act of 1872 can only be applied when in a suit in ejectment the owner succeeds in recovering the possession of the lands from the person in possession under a tax deed.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort, Judge.*

REVERSED.

## STATEMENT.

The suit was begun before a justice of the peace to recover one carload of stave bolts alleged to be of the value of $75, and alleged to have been shipped to defendant from Hendrickson, by one Robert Byrkett, on or about the first day of December, 1900.

After the service of summons on defendant, but before the day set for trial, defendant filed the following affidavit with the justice:

"Now comes John Runnette, in the above entitled cause, in behalf of defendant herein, and says that the timber in question was cut on the land belonging to him, and that he had sold said timber to Robert Byrkett, the grantor of defendant herein, and that the said J. N. Smith does not own the land from which said timber was cut, and the question to be decided in this cause is one affecting the title to the land on which said timber was cut.          "JOHN RUNNETTE,

"Per M. R. Lare, Agt."

and moved that the cause be certified to the circuit court which was done.

In the circuit court the issues were submitted to the court sitting as a jury.

Plaintiff to sustain the issues on his part offered the following evidence: First, the evidence of plaintiff, who testified as follows:

"I am in possession of the north half of the northwest quarter of section twenty-eight, and the north half of the northeast quarter of section twenty-seven, township twenty-six north, range five east. The stave bolts replevied in this action were made by W. R. Byrkett, from white oak trees that were growing upon that tract of land, and the staves when made were sold by Byrkett to the defendant. The bolts sued for were worth more than seventy-five dollars. The timber was cut without my knowledge, permission or consent. I have claimed to own the land since I purchased at tax sale in September, 1878. I paid the taxes one or two years, and would have paid all of the taxes, but found on application to the collector other parties had paid them. The lands from which these stave bolts were cut adjoins my home place, upon which I have lived for forty years. My home place is the northeast quarter of section twenty-seven, township twenty-six north, of range five east. Since I purchased at tax sale, in 1878, I have used the land that I then bought for the purpose of cutting wood for fuel and fence rails, in connection with my home place, for all such purposes as land not inclosed or improved is usually used in connection with other land. When the parties who cut this timber, which was afterwards replevied, were cutting, I went to them and told them not to cut; that the land was mine and not to move the timber."

On cross-examination the plaintiff testified:

"I neither own nor claim any land in section twenty-eight, other than the north half of the northeast quarter; that on the north half of the northwest quarter

of section twenty-seven, and the north half of the northeast quarter of section twenty-eight, township twenty-six north, range five east, there was never any improvement, inclosure or structure, but the land was and always has been quite wild. I claim title to the land from which this timber was cut by virtue of a tax deed, dated September 17, 1878, made by the State of Missouri, through Charles W. Addy, collector of Butler county, and recorded September 20, 1878, in book M, at page 213. I have no other claim on the land or timber."

Second, the following tax deed:

"Know all men by these presents, that, whereas at the July adjourned term, 1875, of the county court of Butler county, Missouri, a judgment was obtained in said court in favor of the State of Missouri, against the following described tract of land, situated in said county of Butler and State of Missouri, viz.:

| No. of Tract | Quantity | | Parts of Sections, number of Surveys, Towns, Cities and Additions. | Section | Township | Range | Years for which taxes are due | Am't of taxes interest, costs and penalties. |
|---|---|---|---|---|---|---|---|---|
| | Acres | 100 ths. | | | | | | |
| 1 | 80 | | N² NW¼ | 27 | 26 | 5 | 1874 | $3.97 |
| 2 | 80 | | N² NE¼ | 28 | 26 | 5 | 1874 | 3.86 |
| | | | | | | | | $7.83 |

"For the sum of money set opposite each tract of land respectively, in the above tabular statement, being the amount of taxes, interest and costs assessed upon said tracts, respectively, for the year set forth opposite each tract in the above tabular statement, and amounting in the aggregate to seven dollars and eighty-three cents. And, whereas, on the fifth day of October, A. D. 1875, Charles W. Addy, collector of the county aforesaid, by virtue of a special execution, issued out of the county court of the county aforesaid, dated the thirty-first day of August, A. D. 1875, and to the col-

lector of said county directed, did expose to public sale, at the courthouse door in the county aforesaid, in conformity with all the requisitions of the statute, in such case made and provided, the tracts of land above described, for the satisfaction of the judgment so rendered as aforesaid. And whereas, at the time and place aforesaid, John N. Smith, of the county of Butler and State of Missouri, having offered to pay the aforesaid sum of seven dollars and eighty-three cents for all of the first tract, above tracts or parcels of land, to-wit:

"The north half of the northwest quarter of section twenty-seven and the north half of the northeast quarter of section twenty-eight, all in township twenty-six, range five east, which was the last quantity bid for. The fractional portion of each above described tract was stricken off and sold to John N. Smith.

"Now, therefore, I, Charles W. Addy, collector for Butler county, for and in consideration of the premises and the sum of seven dollars and eighty-three cents, to the collector of said county as aforesaid, in hand, paid by the said John N. Smith at the time of the aforesaid sale, and by virtue of the statute in such cases made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said John N. Smith, his heirs and assignees, the above described tract of land, viz.:

| No. of Tract | Acres. | 100ths. | Parts of Section, number of Surveys, Towns, Cities and Additions. | Section | Twp. | Range |
|---|---|---|---|---|---|---|
|  | 80 |  | N½ NW¼ | 27 | 26 | 5 |
|  | 80 |  | N½ NE¼ | 28 | 26 | 5 |

"To have and to hold unto John N. Smith and his heirs and his assignees forever; subject, however, to all rights of redemption by law.

"In witness whereof, I, Charles W. Addy, collector as aforesaid, by virtue of this authority aforesaid, have

hereunto subscribed my name and affixed my seal this 7th day of September, A. D. 1878.

"CHARLES W. ADDY,

(Seal.)        "Collector of Butler County."

The deed was duly acknowledged, and was, on September 30, 1878, filed for record.

Defendant objected to the reading of the deed in evidence, for the following reasons, which objections were by the court overruled:

"Because the said deed is void on its face and confers no title to the plaintiff.

"Because the said deed shows on its face a single sale in bulk of two separate tracts of land, situated in different sections, or if only tract were sold for the price named, then such sale is without authority of law and is void.

"Because the deed is void for want of sufficient description."

At the close of plaintiff's evidence the defendant offered the following declaration of law which the court refused:

"The court declares the law to be, that, under the pleadings and the testimony, the plaintiff can not recover, and the finding must be for the defendant."

Defendant offered and read in evidence a patent from the United States to Peter Meyer, dated September 10, 1859, conveying the north half of the northwest quarter of section 27, and the north half of the northeast quarter of section 28, township 26, range 5 east, and mesne conveyance down to John Runnette, showing that he acquired title to all of said lands on October 16, 1888.

W. R. Byrkett, a witness for defendant, testified as follows:

"I purchased the white oak timber standing on the north half of the northwest quarter of section twenty-seven, and the north half of the northeast quarter of section twenty-eight, township twenty-six north, range

five east, from John Runnette, through his agents, M. R. Lare and George Seebick, and some of the property replevied herein was manufactured from timber cut by me on said land, and the staves made therefrom were sold and delivered by me to the H. D. Williams Cooperage Company, the defendant, and the said staves so made and sold were worth less than forty dollars.''

Defendant, at the close of all the evidence, asked the court to declare the law as follows, all of which the court refused:

''Now, at the close of all the testimony in the case, the court declares the law to be that, under the pleadings and testimony, the plaintiff is not entitled to recover, and the finding must be for the defendant.

''1. The court declares the law to be that the legal effect of the deeds read in evidence is to vest in John Runnette the legal title to the north half of the northwest quarter of section twenty-seven, and the north half of the northeast quarter of section twenty-eight, township twenty-six, range five east.''

''2. The court declares the law to be that, if the court, sitting as a jury, should find for the plaintiff, then in assessing the value of the property the court should find the value of the timber in controversy as it stood in the tree, and not after it was manufactured into stave bolts, either at Hendrickson or at the place of delivery to the defendant, namely, Poplar Bluff.''

No other instructions were asked or given. The court rendered judgment for plaintiff for $40. After taking the necessary steps to preserve its exceptions defendant appealed.

*W. N. Barron* and *E. R. Lentz* for appellant.

(1) This recital is a clear departure from the language of the statutory deed. It does not, substantially recite the facts required to be recited in the deed. The deed is void on its face for want of adherence to statu-

tory form. Black on Tax Titles, sec. 211; Pearce v. Tittsworth, 87 Mo. 640; Hopkins v. Scott, 86 Mo. 145; Kinney v. Forsythe, 96 Mo. 414; Bender v. Dunger, 99 Mo. 129; Pitkin v. Reibel, 104 Mo. 505. (2) The deed read in evidence by the plaintiff in this cause contains no recitals showing that any of these essential requisites of jurisdiction have been complied with, and, hence, the deed is void for want of necessary recitals. Abbott v. Doling, 49 Mo. 302; Large v. Fisher, 49 Mo. 309; Lagrue v. Rain, 48 Mo. 538; Williams v. McClanahan, 67 Mo. 490; Wellshear v. Kelly, 69 Mo. 353; Pearce v. Tittsworth, 87 Mo. 641; Burden v. Taylor, 124 Mo. 12; Loring v. Groomer, 142 Mo. 8.

*John G. Wear* for respondent.

(1) The deed read in evidence by respondent was sufficient to give him the right to bring the action, and sufficently complies with the form set out in the Act of March 30, 1872, to convey title or color of title. Respondent's deed and the form as set out in that act are the same in every essential particular. Wagner's Statutes, sec. 217, p. 1205. (2) The deed read in evidence by respondent is in the form prescribed by statute and is evidence that all requirements of the statute have been complied with. Wagner's Statutes, sec. 219, p. 1206. (3) The collector had the authority to include more than one tract of land in the deed. Wagner's Statutes, sec. 216, p. 1205; Allen v. Buckley, 94 Mo. 158.

BLAND, P. J.—1. The time of filing bill of exceptions was extended by an order of the court from June 15, 1901, to August 17, 1901, and afterwards by successive orders of the judge made in vacation the time was extended to April 14, 1902. The bill of exceptions was filed March 31, 1902. The orders made in vacation by the judge extending the time in which to file bill of exceptions are in the following form:

"Now at this day it is by the judge of the Butler

Circuit Court, in vacation, ordered, that the time heretofore allowed the defendant for filing its bill of exceptions be extended for a further period of sixty days from and after the expiration of the time heretofore allowed for filing bill of exceptions herein."

No written application was made by defendant for these orders.

For the reason that the orders themselves, nor any papers accompanying them, show for what cause, or that for good cause, the time in which to file bill of exceptions was extended, respondent contends they are void.

Section 728, Revised Statutes 1899, provides that the bill of exceptions may be written and filed during the term of court at which the cause was tried, or within such time thereafter as the court may by order entered of record allow, and that the time may be extended by the court or judge in vacation "for good cause shown."

The power of the judge to extend the time in which to file bill of exceptions, whether the order therefor be made in vacation or in term time, is statutory. When made in vacation, it should show, either upon its face or by its file-marks, that it was made at a time when the judge possessed the authority to make it. Mitchell v. Williams, 79 Mo. App. (St. L.) 389. So long as the authority to make the order continues in the judge, his jurisdiction to make it is as full and complete in vacation as in term time. The power is not one to be exercised arbitrarily but, in the language of the statute, "for good cause shown." The statute leaves the propriety of making the order to the sound discretion of the judge, and when he exercises that discretion the presumption, in the absence of any contrary showing, is that he did not abuse it. State v. Lord, 118 Mo. 1; Leonard v. Sparks, 117 Mo. 103; City of St. Joseph to use v. Farrell, 106 Mo. 437; State ex rel. v. Wayne County Court, 98 Mo. 362.

The several orders extending the time for filing bill of exceptions were made at times when the court, or judge, had jurisdiction to make them and the presumption will be indulged that they were made "for good cause shown."

2.   The fact that the defendant demurred to the evidence at the close of plaintiff's evidence and again at the close of all the evidence, raises the question as to the validity of plaintiff's tax deed.

The deed was made under the revenue laws of March 30, 1872.

Section 217, of the Act of 1872 (2 Wag. Stat., p. 1205), prescribes the form of the deed to be executed by the collector.   The deed read in evidence attempted to follow the statutory form, and in the main did so. But it is fatally defective in that it shows affirmatively upon its face that in making the sale the collector did not comply with section 189, of the act, which requires that the "collector shall offer for sale publicly, separately, and in consecutive order, each tract of land, or town lot, or city lot."   The deed on its face shows that both eighty-acre tracts were sold at one time and for the gross sum of $7.83.

In Allen v. Buckley, 94 Mo. 1. c. 160, the Supreme Court, commenting on a deed conveying more than one tract of land made under the revenue laws of 1872, said: "When more than one tract is included in the deed it should show, either expressly or by necessary implication, the sale of each tract separately for its own tax. For this reason, if for no other, that the deed does not show this, the court was justified in holding it to be invalid."

Black on Tax Titles (2 Ed.), section 260, says: "When the taxes are assessed to different persons, or upon different and distinct interests, or separate lots, or parcels, the officer can not legally advertise and sell the whole of a tract, including the several interests or lots distinctly and separately taxed, or such portion

of the same as shall be necessary to pay the taxes, but each interest or lot must be separately advertised and sold for the payment of that tax only for which it was liable; otherwise the whole sale will be void.'' In support of the tax the author cites in a footnote numerous cases from many States.

3.   Section 221 of the Act of 1872 provides that any suits against the tax purchaser to recover land shall be commenced within three years from the time of recording the tax deed. It is contended by respondent, that he was entitled to hold the land under this special statute of limitation. It has been repeatedly held that a tax deed, void on its face, will not set this statute in motion. Mason v. Crowder, 85 Mo. 526; Pearce v. Tittsworth, 87 Mo. 635; Pitkin v. Reibel, 104 Mo. 505.

4. Plaintiff further insists that he is entitled to hold the land until he is remunerated for the taxes, etc., he has paid on them, and invokes the equitable provision of section 219, of the act. The equity of this statute can only be applied when in a suit in ejectment the owner succeeds in recovering the possession of the lands from the person in possession under a tax deed. This is not such a suit, and besides, the evidence discloses that plaintiff was never in the actual possession of the land, nor was he constructively possessed of it by virtue of a valid tax deed.

It follows that defendant's demurrer to plaintiff's evidence should have been sustained.

The judgment is reversed.   All concur.