ANNIE E. HARRISON, Appellant, v. COOMBER REALTY & INVESTMENT COMPANY, Respondent, No. 41321—224 S. W. (2d) 63.

Division One, November 14, 1949.

Robert E. Coleberd and Francis G. Hale for appellant.

Wherritt & Sevier, Alan F. Wherritt and Robert F. Sevier for respondent.

██ BRADLEY, C.—Action to set aside a Jones-Munger law tax deed to 40 acres of land in Clay County; the deed was executed by the collector on November 24, 1944; the trial court denied the relief sought and plaintiff appealed.

In 1871 appellant's father devised the land to her and her bodily heirs, hence she had a life estate only; appellant at the time of the trial was past 80 and had no descendants. The land is described in the petition as the NW¼ NW¼ of Sec. 11, Twp. 50, range 33, and in the brief appellant says that the land "is a square forty acre tract on the top of the Missouri River bluff north of North Kansas City"; it lies about a mile and a half north of North Kansas City.

The delinquent taxes for which the land was sold were for the five years 1937-1941; appellant alleged that at the time of the sale the reasonable market value of the land was $10,000, and that the sale price of $549.55 was "wholly inadequate and unconscionable" and constituted fraud in law. In its answer respondent denied that the sale price was wholly inadequate and unconscionable and denied that there was any legal fraud; alleged that appellant was guilty of laches.

There was evidence by the collector that in 1942 and prior to the sale of the land appellant's attention was called to the fact that taxes on this land for 1937-1941 were delinquent and that the land would be sold unless the taxes were paid; that her reply ██ was that "the interest that she had in this property did not justify her paying her own money for what she could get out of this land and that she only had an interest, a life interest in the property". A deputy collector (Mrs. McConnell) testified that in 1937 and 1938 she waited on appellant when she came to pay her taxes; that appellant directed that the taxes on the land here involved be struck off her tax list and that such was done, and her other taxes were paid.

In the brief appellant says: "While the order and decree of the trial court does not affirmatively so show on its face, it is apparent from the record that the trial court, in deciding the case, fell into error, and held that plaintiff, an eighty-year-old widow, was guilty of laches, was estopped from maintaining her suit, notwithstanding

the fact that defendant Investment Company was in no manner or to any extent misled by anything plaintiff did or failed to do.''

The trial court made no finding of facts; merely found ''the issues for the defendant and against the plaintiff'', and dismissed the petition. Respondent presented suggested conclusions of law and finding of facts and these appear in the record, but the court made no order or reference to these.

■ The statute, Sec. 11177 R. S. 1939, Mo. RSA Sec. 11177, fixes the limitation for this cause at 3 years ''from the time of recording the tax deed'', and there is no claim that the cause is barred by Sec. 11177. ''Laches is an equitable defense. It is allowed sometimes when the period of limitation prescribed by the statute has not elapsed; but it is never allowed unless the delay has produced such a change in conditions that the defendant is put at disadvantage, and not always then.''. Hagan et al. v. Lantry et al., 338 Mo. 161 89 S. W. (2d) 522, 1. c. 529. There was no evidence of changed conditions that would justify the defense of laches.

■ The only question is: Was the sale price so inadequate and unconscionable as to constitute a fraud in law? On the market value of the land at the time of sale appellant used as witnesses, Stuart Perkins, Taylor Harvey, Newlee Taul, and Vern Walker. Perkins placed the reasonable market value at $450 to $500 per acre; Harvey at $200 to $250 per acre; Taul at $175 to $200; Walker in the neighborhood of $200 per acre. Jack D. Street, a resident of North Kansas City for 17 years, testified a tract of 16 acres adjoining the land here involved sold for $250 per acre about the time of the tax sale here in question. Perkins, in addition to testifying to the reasonable market value of the 40 acre tract, said that about half of the tract is high ground; good view of the river and Kansas City to the south; that he had platted and developed a tract known as Briarcliff Hills Addition adjoining the tract involved; that the tract in Briarcliff Hills Addition and the tract involved are similar in character and contour; that the Briarcliff Hills Addition has approximately 25 residences ranging in value from $8,000 to $15,000. But it is not clear *when* Briarcliff was developed, and *when* these residences were constructed.

On reasonable market value at time of the tax sale respondent used Bush T. Bishop, John A. Grantham, and J. C. Flannery. Bishop gave the reasonable market value at $50 per acre; Grantham at $25 per acre or nothing; Flannery at $75 per acre. Mrs. Marion E. Coomber, president of respondent, testified that appellant's witness Stuart Perkins, in the fall of 1945, sought to buy this land, but she was not permitted to state the offer he made. Then counsel offered to show by Mrs. Coomber that ''in the fall of 1945 Stuart Perkins offered to this defendant $195.00 for the purchase of this land''. An objection to the offer was sustained. It is not contended that the offer was improperly refused.

We have ruled that under the facts there was no place for laches; it will be presumed that the trial court knew the law, and since there was no evidence to support laches, we must assume that the trial court did not base the finding for respondent on the theory of laches as appellant contends. Therefore, we must assume that the trial court found that the consideration was not so inadequate as to constitute fraud in law as was the case in Nichols Inv. Co. v. Roorbach (Mo. Sup.), 162 S. W. (2d) 274; Bussen ▅▅▅ Realty Co. v. Benson et al., 349 Mo. 58, 159 S.-W. (2d) 813; Johnson v. McAboy et al., 350 Mo. 1086, 169 S. W. (2d) 932.

In the Nichols Inv. Co. case the sale price was $40.00 and the value of the land was $1,000; in the Bussen Realty Company case the sale price was $11, and the value of the land was $2000; in the Johnson case the sale price was $79.05; the value of the land was $1000 to $2000. In these cases the sale price compared to value was so inadequate and unconscionable as to amount to a fraud in law and the tax deeds were held to be invalid.

The Jones-Munger law contemplates a sale for a consideration sufficient at least to pay the delinquent taxes, interest and costs, Moore v. Brigman et al., 355 Mo. 889, 198 S. W. (2d) 857, l. c. 858, and the sale bid here was for the sum of the taxes, interest and costs. The average value per acre as shown by appellant's witnesses is $271.87, and the average value per acre as shown by respondent's witnesses was $50.00. The sale price of $549.55 for the 40 acres was $13.73 per acre. Respondent suggests that the evidence as to value given by appellant's witnesses was based on speculative values and not on reasonable market value, and it is strange that there should be such a wide margin in the evidence as to value.

If the alternative value of *nil* fixed by respondent's witness Grantham be considered in the average instead of taking $25 as the value fixed by him, then the average value as shown by respondent would be $41.66-⅔ per acre. The appellant herself, according to the collector, regarded her interest in the land as less than the taxes against it. The trial court evidently was not impressed by the evidence on value as given by appellant's witnesses, and he was better able to judge credibility than we are, hence the due deference rule applies. Moore v. Brigman et al., 355 Mo. 889, 198 S. W. (2d) 857. The sale price of $549.55 was not so inadequate as to constitute a fraud in law when reasonable market value is considered as that given by respondent's witnesses. Moore v. Brigman, supra.

The judgment should be affirmed, and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bradley, C., is adopted as the opinion of the court. All the judges concur.