FREIDA E. STEVENSON GRANGER and ROBERT FRANCIS STEVENSON, (Plaintiffs) Appellants, v. LLOYD BARBER, T. C. KEARLEY and DOROTHY KEARLEY, (Defendants) Respondents, No. 42073— 236 S. W. (2d) 293.

Division One, February 12, 1951.

*Richard K. McPherson* and *Ralph Baird* for appellants.

*Edward V. Sweeney* for respondents T. C. Kearley and Dorothy Kearley and *Sater & Monroe* for respondent Lloyd Barber.

718

[294] ASCHEMEYER, C.—This is a suit to cancel and set aside a tax deed conveying title to real estate located in the City of Aurora, Missouri, to defendant Lloyd Barber; to cancel and set aside a warranty deed of Barber conveying said property to defendants T. C. Kearley and Dorothy Kearley, his wife; to try and determine title to said property; and to adjudge that plaintiffs (appellants) are the owners thereof in fee simple subject to a life estate in Lee Kenner Stevenson. The trial court sustained separate motions of defendants (respondents) to dismiss the petition. Appellants refused to plead further and the court entered a judgment dismissing the cause. This was a dismissal with prejudice and constitutes a final judgment from which an appeal may be taken. Laws 1943, p. 385, Sec. 101; Mo. R. S. A. § 847.101, Sec. 510.150, R. S. 1949; Anderson v. Kansas City Baseball Club (Mo. Sup.), 231 S. W. 2d 170.

The property involved in this suit consists of two lots located in the City of Aurora. The petition alleged that appellants acquired title thereto by a quit claim deed in 1932 and that they are the owners thereof subject to a life estate in Lee Kenner Stevenson; that respondent, Lloyd Barber, bought the property on November 7, 1939, for $69.42 at a [295] tax sale held by the Collector of Revenue of the City of Aurora for delinquent taxes for the years 1933 to 1938 inclusive; that the collector executed and delivered to Barber a collector's deed which was recorded in the office of the Recorder of Deeds for Lawrence County, Missouri; that subsequently

Barber conveyed the property by a warranty deed dated March 1, 1943, to respondents T. C. Kearley and Dorothy Kearley; that the warranty deed was recorded in Lawrence County; that the Collector of the City of Aurora purported to advertise said property for sale for the payment of taxes for certain years; that "no bid was received at the first sale, re-advertised for second sale and no bid received; and was again re-advertised for sale for delinquent taxes" in the aggregate amount of $69.42 for specified years; and that on November 10, 1939, the collector did "purport to sell said real estate above described to the defendant Lloyd Barber, and executed and delivered to him the first above described deed."

The petition then alleged that the collector's tax deed "is illegal, void and invalid" for the following reasons: (1) that Sec. 11126, R. S. 1939, Mo. R. S. A. § 11126, Sec. 140.170, R. S. 1949, required that the publication of the list of delinquent lands and notice of tax sale state separately for each year the amount of taxes, penalties, interest and costs due but that the collector failed to state such items separately for each year and stated the aggregate amount due for all years, and that by reason of these defects in the advertisement, the sale held thereunder was invalid; and (2) that the land, with improvements thereon, was reasonably worth $2500.00 so that the sale price of $69.42 was so grossly inadequate that it amounted to fraud.

The motions to dismiss attacked the sufficiency of the petition to entitle appellants to relief and also charged that the cause of action attempted to be stated was barred by Sec. 11177, R. S. 1939, Mo. R. S. A. §11177, Sec. 140.590, R. S. 1949, since "more than three years has expired since the recording of the tax deed mentioned in plaintiffs' petition."

The tax sale involved in this case was held under the provisions of the Jones-Munger Law, Sec. 11117 ff., R. S. 1939, Mo. R. S. A. §11117 ff. Since the enactment of this law in 1933, sales of land for delinquent taxes have been by administrative rather than by judicial proceedings, as was formerly the case. Adams v. Smith (Mo. Sup.), 232 S. W. 2d 482, 486; Kennen v. McFarling, 350 Mo. 180, 165 S. W. 2d 681. Real estate may be sold by the collector after the publication of prescribed notice, and it is not necessary to include the name of the owner in such publication. Secs. 11125, 11126, R. S. 1939, Mo. R. S. A. §§11125, 11126, Secs. 140.150 and 140.170, R. S. 1949.

Sec. 11177 provides that any suit against "the tax purchaser * * * for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes * * * shall be commenced within three years from the time of recording the tax deed, and not thereafter * * *." While the order of the trial court sustaining the motions to dismiss does not state the reasons

for the trial court's action, it is apparent that the trial court took the view that the petition showed upon its face that the action had been commenced more than three years after the tax deed was recorded so that it was barred by the special statute of limitations contained in Sec. 11177. Indeed, the only question presented by appellants' brief is whether this statute is effective to bar appellants' right of action.

There can be no doubt that the petition shows on its face that the suit was brought more than three years after the recording of the tax deed. While the date of recording is not fixed precisely by the petition, it is clear from its allegations that the recordation occurred sometime prior to March 1, 1943. Respondents' brief suggests that the tax deed was recorded on November 8, 1939. The instant suit was filed October 24, 1949. The application of the statute of limitations [296] was properly raised by the motions to dismiss. DeVault v. Truman, 354 Mo. 1193, 194 S. W. 2d 29, 32; Woodruff v. Shores, 354 Mo. 742, 190 S. W. 2d 994.

Appellants argue that Sec. 11177 is not applicable and will not bar their suit because the tax deed "is void on its face." Appellants cite Smith v. H. D. Williams Cooperage Co., 100 Mo. App. 153, 73 S. W: 315, which held a tax deed to be void which showed "affirmatively upon its face that in making the sale the collector did not comply with section 189 of the act, which requires that the 'collector shall offer for sale publicly, separately, and in consecutive order, each tract of land, or town lot, or city lot.' " (Under Sec. 11128, R. S. 1939, Mo. R. S. A. § 11128, Sec. 140.200, R. S. 1949, an analogous provision is directory only and "a failure to comply therewith shall not of itself invalidate any sale.") Speaking of the three-year statute of limitations the court said: "It has been repeatedly held that a tax deed void on its face will not set this statute in motion. Mason v. Crowder, 85 Mo. 526; Pearce v. Tittsworth, 87 Mo. 635; Pitkin v. Reibel, 104 Mo. 505, 16 S. W. 244." See also Bird v. Sellers, 122 Mo. 23, 26 S. W. 668.

The difficulty with appellants' position is that the tax deed is not before us and it was not before the trial court. The deed is not "recited at length" in the petition nor is a copy thereof attached to the pleading as an exhibit. (Laws 1943, p. 373, Sec. 55; Mo. R. S. A. § 847.55, Sec. 509.230, R. S. 1949.) The allegations of the petition respecting the infirmities of the tax sale do not allege matters shown upon the face of the deed. One of the defects alleged concerns deficiencies in the publication or advertisement of the notice of sale. It is not alleged that these deficiencies appear upon the face of the tax deed. The other defect alleged is that the consideration paid for the conveyance was so grossly inadequate that it constituted a fraud. Obviously, the gross inadequacy of consideration would not be apparent from the face of the deed

alone and the decisions of this Court holding that a tax deed will be set aside where the evidence shows a gross inadequacy of consideration are of no assistance to appellants. In their brief appellants argue other irregularities which they assert are apparent upon the face of the deed. We cannot evaluate these contentions in the absence of the deed. If we were to speculate upon the contents of the tax deed, which we cannot do, it would be more reasonable for us to assume that the deed complied substantially with the requirements of Sec. 11150, R. S. 1939, Mo. R. S. A. § 11150, Sec. 140.460, R. S. 1949, and thus was *"prima facie* evidence of a good and valid title in fee simple in the grantee of said deed * * *."

Appellants also argue that Sec. 11177 is not applicable to them because they "are remainder-men, not entitled to possession at the time of the tax sale, with their life tenant still in being." The cases cited by appellants are not applicable and do not support their position. They involve delinquent tax sale proceedings prior to the Jones-Munger Law. Adams v. Smith, supra. Under the prior law, it was necessary to bring suit to foreclose the tax lien and to join the owner of the land as a party. There is a line of decisions, some of which are cited by appellants, which holds that where the tax suit is against the life tenant only and remainder-men are not joined as parties, the sale of land for taxes under special execution will convey the interest of the life tenant but will not affect the interests of the remainder-men. This rule is not applicable to tax sales under the Jones-Munger Law. As we have previously stated, Sec. 11125 expressly provides that "it shall not be necessary to include the name of the owner, mortgagee, occupant or any other person or corporation owning or claiming an interest in or to any of said lands or lots in the notice of such sale."

There is another matter in connection with the applicability of Sec. 11177, R. S. 1939, Mo. R. S. A. §11177, Sec. 140.590, R. S. 1949, which should be mentioned although it is not discussed in appellants' [297] brief. This section was originally enacted as a part of the Act of March 30, 1872 (Laws 1872, p. 130, Sec. 221). In 1877 the General Assembly provided a different system for the collection of delinquent taxes on real estate (Laws 1877, p. 384). Subsequently, this section was omitted from the Revised Statutes of 1879, 1889 and 1899. It has appeared in the Revised Statutes since the revision of 1909. It has been held by this Court, in a number of decisions, that the statute has remained in force and that its omission from several revisions of the statutes did not affect its vitality. Bird v. Sellers, supra; Williams v. Sands, 251 Mo. 147, 158 S. W. 47, 51; Meriwether v. Overly, 228 Mo. 218, 129 S. W. 1, 4. It was an existing statute at the time the Jones-Munger Law was enacted.

It has also been held that while the statute "applies to the proceedings and a collector's tax deed under the Act of 1872 said section has no application to a sheriff's tax deed under the Act of 1877 under special execution to enforce a judgment in a back tax suit * * *." Horton v. Gentry, 357 Mo. 694, 210 S. W. 2d 72, 76, and cases there cited. The reason for this conclusion is stated by Judge Lamm in a separate concurring opinion in Gulley v. Waggoner, 255 Mo. 613, 164 S. W. 557, 560, as follows:

"All [that is] necessary to say for the purposes of this concurring opinion is this: That special statute of limitation is not applicable, in my opinion, to suits (as this one is) involving tax titles under the revenue scheme in vogue since 1877, to wit, of enforcing tax collections by suits, summons, actual or constructive service, judgments, special executions, sales thereunder, and deeds following such sales."

There is no occasion to examine the rationale of this conclusion since we are not now concerned with the type of tax sale involved in those cases. Does this three-year statute of limitations apply to a tax sale and a collector's tax deed made under the provisions of the Jones-Munger Law? By its language Sec. 11177 applies to "Any suit * * * against the tax purchaser, his heirs or assigns * * * to defeat or avoid a sale or conveyance of lands for taxes * * *." The cases holding the statute inapplicable to the delinquent tax sale proceedings prior to the Jones-Munger Law conceded that the statute was applicable to a "collector's tax deed" under the Act of 1872 but that it was not applicable to a "sheriff's tax deed" under the Act of 1877. Horton v. Gentry, supra. If this distinction has merit, it supports the view that Sec. 11177 is applicable to tax sales under the Jones-Munger Law since the procedure thereby provided is a sale by the collector after publication of proper notice and conveyance to a tax purchaser by a collector's deed.

While the question has not been directly presented for decision, we have stated in at least two cases that Sec. 11177 is applicable to tax sales made under the Jones-Munger Law. Harrison v. Coomber Realty & Inv. Co., 359 Mo. 862, 224 S. W. 2d 63, 64; Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. 2d 813, 819. See also United States v. Certain Land, etc. (District Court, E. D. Missouri) 70 Fed. Supp. 730, 732. In the Bussen Realty Co. case, in discussing the situation of a tax purchaser who may be faced with the contention that the conveyance to him should be set aside because of gross inadequacy of consideration, we said:

"Consequently, if he is doubtful about the validity of his purchase because of a grossly inadequate consideration, he may, immediately upon receiving a deed, commence a suit to quiet his title, Sec. 11169. On the other hand he may do nothing and await

possible action by the owner which the statute says must be brought within three years from the recording of the deed, Sec. 11177. Under the circumstances both the purchaser who buys land at a tax sale for occupation and the purchaser who buys for speculation, have reasonable protection.''

It is our conclusion that Sec. 11177, R. S. 1939, Mo. R. S. A. § 11177, Sec. 140.590, R. S. 1949, is applicable and that it acts as a bar to the instant suit. The motions to dismiss the petition were properly sustained [298] and the judgment dismissing the action should be and it is hereby affirmed. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur.